# Evans *v.* Wilhite, *et al.*

*Bill to Set Aside Judgment and Enjoin its Enforcement.*

(Decided June 2, 1910. 52 South. 845.)

1. *Judgment; Vacating; Sufficiency of Bill.*—A bill to set aside a judgment and enjoin its enforcement pending suit which alleges that the judgment was obtained by fraud in that the cause was continued for the term by agreement of the parties, and that after plaintiff and his attorney left court, the defendant by fraudulent representation induced the court to set aside the order of continuance and to proceed with trial thus by fraud procuring the judgment, was sufficient against demurrer to entitle complainant to have the judgment set aside and its enforcement enjoined pending suit.

2. *Same; Existence of Other Remedies.*—Equity has original jurisdiction to vacate a judgment obtained by fraud and restrain its enforcement pending suit, and is not deprived of such jurisdiction by the provisions of section 5372, Code 1907, since the remedy given in the code is not exclusive but is cumulative and concurrent with that of equity.

3. *Same.*—The remedy provided that section 5372, Code 1907, is not a continuation of the original suit but is a new suit to set aside the judgment.

4. *Same; Necessity for Showing Want of Negligence.*—While a party who seeks relief in equity against a judgment obtained in a court of law by fraud, etc., must show that he was without fault or negligence in the matter, and that he was ignorant of the fraud not only at the time the judgment was rendered but also during

the term of its rendition when a court could have set aside the judgment, or that he was prevented from making his motion for a new trial by accident, fraud, etc., unmixed with negligence on his part, yet he is not required to acquit himself of negligence in failing to apply to a court of law for relief under section 5372, Code 1907.

5. *Equity; Jurisdiction; Effect of Statute.*—The original jurisdiction of a court of equity is not affected by a statute conferring similar jurisdiction upon courts of law unless the statute so provides, the remedy being considered concurrent and cumulative.

6. *Same; Motion to Dismiss; Demurrer.*—On motion to dismiss the bill for want of equity and on demurrer to the bill, the averments of the bill are to be taken as true.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Charles M. Evans against J. B. Wilhite and others to set aside a judgment and to enjoin its enforcement, on the grounds of fraud in procuring it. From a decree sustaining demurrer to the bill dissolving the injunction, and dismissing the bill for want of equity, complainants appeal. Reversed and remanded.

J. B. BROWN, for appellant. Granting relief against judgment fraudulently obtained is within the original inherent jurisdiction of courts of chancery.—*Ex parte Smith,* 34 Ala. 455; *Curry v. Peebles,* 83 Ala. 225; *Mitchell v. Rice,* 132 Ala. 126. The jurisdiction conferred on courts of law by section 5372, Code 1907, is statutory and limited, and the presentation of an application under this statute is the commencement of a new action.—*Ex parte Johnson,* 60 Ala. 429; *Garrett v. Terry,* 33 Ala. 514; *Pratt v. Keils,* 28 Ala. 390; *Wiley v. The State,* 117 Ala. 158; *Goodwater Co. v. Street,* 137 Ala. 621. The above statute does not affect or limit the jurisdiction of a court of equity, but is cumulative and concurrent with it.—*Nixon v. Clear Creek M. Co.,* 150 Ala. 605; *Gulf C. Co. v. Jones C. Co.,* 157 Ala. 40; *Brewer v. Branch Bank,* 24 Ala. 439. The bill makes a clear case for relief.—*Broda v. Greenwald,* 56 Ala. 538; *Col-*

*lier v. Falk,* 66 Ala. 223; *Renfroe Bros. v. Merriam & Co.,* 71 Ala. 197; *Nat. F. Co. v. Hinson,* 103 Ala. 536. The process of this court is not directed against the law court but against the parties to the action.—*Norwood v. L. & N.,* 149 Ala. 156; 25 Cyc. 977.

F. E. St. John, for appellee. The bill was wanting in equity and the court properly dissolved the injunction and dismissed the bill.—Section 5372, Code 1907; High on Injunc. pp. 113 and 179; 16 A. & E. Enc. of Law, 377; *Roebling Sons v. Stevens,* 93 Ala. 39; *Womack v. Powers,* 50 Ala. 551; *Foshee v. McCrary,* 123 Ala. 497; *Norman v. Burns,* 67 Ala. 248; *Collier v. Falk,* 66 Ala. 223; *Nat. F. Co. v. Hinson,* 103 Ala. 536.

MAYFIELD, J.—Appellant filed his bill to set aside a judgment against him in a court of law, and to enjoin its enforcement pending the suit.

The theory and allegations of the bill, in short, were that the judgment was obtained by fraud on the part of appellee; that the cause was continued for the term by agreement of parties, and after appellant and his attorney had left court, appellee, by fraudulent representations, had the court to set aside the order of continuance and to proceed to trial, and thus by fraud procured the judgment. Appellee demurred to the bill and moved to dissolve the injunction. His demurrer was sustained, and motion granted as to the original bill and the amended bill; and the bill as amended was finally dismissed for want of equity. This was error. If the averments of the bill were true—and on demurrer and motion they must be so treated—the complainant was entitled to the relief prayed; hence, the bill should not have been dismissed, nor the injunction dissolved. Equity has original and independent jurisdiction for the purposes for which this bill was filed.

The probable theory upon which the chancellor proceeded was that the bill failed to aver that complainant was ignorant of the judgment being taken against him, until after the expiration of four months, within which time he could have obtained the relief desired by application to the circuit court which rendered the judgment; in other words, that the bill in this respect failed to show due diligence, and therein failed to show that complainant did not have a complete and adequate remedy at law. If this be the theory upon which the chancellor dismissed the bill, it is untenable. While the four months (section 5372 of the Code of 1907) may have afforded the necessary relief in a court of law, from any judgment such as the one here sought to be vacated, yet it is not the exclusive mode of relief, but is concurrent and cumulative with that of equity.—*Nixon v. Clear Creek Co.,* 150 Ala. 604, 43 South. 805, 9 L. R. A. (N. S.) 1255; 23 Cyc. 978. The original jurisdiction of a court of equity is not affected by a statute conferring like or similar jurisdiction upon courts of law, unless the statute so provides, but it is held to confer a concurrent and cumulative remedy.—*Stewart v. Stewart,* 31 Ala. 213; *Rose v. Gunn,* 79 Ala. 415.

This case is clearly distinguishable from the case of *Roebling & Sons v. Stevens,* 93 Ala. 39, 9 South. 369. In that case the judgment of the lower court was affirmed on certificate by this court, in violation of an agreement. In that case the complainant had an adequate remedy at law, by motion in this court to set aside the affirmance. And that motion would be a continuation of the original suit by appeal. In the case at bar, the motion, under the four-month statute, is not a continuation of the original or main suit, but is the institution of another suit in a court of law, which would otherwise require the aid of a court of equity. It is a separate

[Evans v. Wilhite, et al.]

and independent suit; but is cumulative and concurrent with that of equity, and is in no sense exclusive of chancery jurisdiction for relief against judgments at law, which are obtained by fraud and without fraud on the part of the complainant.

The four-month statute, as has been held by this court, was intended to provide a more speedy and less expensive remedy in courts of law, against judgments in such courts by accident, mistake, or fraud, when unmixed with negligence on the part of complainant. When a rehearing is applied for under this statute, courts of law proceed upon the same principles adopted by courts of chancery in granting relief, and the movant must acquit himself of negligence and bring himself within the operation of the statute; but, as stated above, the remedy in the court of law is not exclusive, and it is not a continuation of the original suit, but is a new suit to set aside the judgment formerly obtained by accident, mistake, or fraud.—*Renfro Bros. v. Merriman & Co.*, 71 Ala. 196; *Martin v. Hudson*, 52 Ala. 279. And it is true that a party who seeks relief in a court of equity, against a judgment obtained in a court of law against him by fraud, accident, etc., must show that he was without fault or neglect in the matter, and that he was ignorant of the fraud not only at the time the judgment was rendered but also during all the time allowed him for a new trial, or that he was prevented from making his motion for a new trial by accident, fraud, etc., unmixed with negligence on his part. The new trial here referred to is the trial grantable under the plenary powers of all courts to set aside their own judgments, upon proper cause, at any time before the adjournment of the term at which they were rendered. After the adjournment of a term of court, neither the court nor the judge has any such power or control over the judgments of

[Evans v. Wilhite, et al.]

the court, unless the motion was made before adjournment and continued for future action thereon.

When a party proceeds under the four-month statute, he thereby institutes a new proceeding, but, of course, its object is to relieve him against another judgment, and it may have the effect to award a new trial. He is not, however, required to acquit himself of negligence in failing to apply to the court of law for relief, under the four-month statute, before going into equity to obtain the same relief, as he is, in applying to the court for a new trial, when he knew of the fraud before the adjournment of the term at which the judgment was rendered.

In the one case the two remedies are concurrent; in the other they are not. One is an original and independent proceeding; the other is a mere continuation of the original suit. Failure to proceed in the latter case, if there be knowledge or notice of the fraudulent judgment, is negligence; while it is not negligence to fail to move for a rehearing under the statute, because the party may prefer to proceed in a court of equity. The remedies are cumulative, and not exclusive.

It was therefore error to dismiss the bill for want of equity, and to dissolve the injunction.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.