(94 South. 531)

## HOWARD v. ALABAMA FUEL & IRON CO.
### (6 Div. 470.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Dec. 7, 1922.)

Equity ⚷429—Order modifying final decree more than 30 days after it was rendered was void, no continuance being shown.

Gen. Acts 1915, p. 708, § 3, provides that, after lapse of 30 days from date judgment or decree was rendered, the court shall lose all power over it, unless motion to set it aside or grant a new trial has been filed and order entered continuing it for hearing for a future day, and where decree dismissing bill was rendered August 19th, and application for rehearing was overruled August 28th, and there was no order continuing the motion, modification of the decree November 19th was void for want of jurisdiction.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Mary Howard against the Alabama Fuel & Iron Company. From a decree denying rehearing, complainant appeals. Appeal dismissed.

Powell & Powell, of Birmingham, for appellant.

The act of 1915 was not intended to apply to rehearings in equity, nor to abrogate rule 81 (Code 1907, p. 1553). If it was necessary for the judge to make some record of the day of presentment of the petition for rehearing, this was a ministerial duty, the failure to perform which did not operate a discontinuance. 87 South. 801; 188 Ala. 406, 66 South. 65; 130 Ala. 201, 30 South. 732; 201 Ala. 99, 77 South. 393. Counsel discuss points on the merits of the cause, but, in view of the decision, it is not necessary to set them out.

Percy, Benners & Burr, of Birmingham, for appellee.

The court lost all control over the original decree after 30 days from its rendition. Acts 1915, p. 707. The appeal having been taken more than 6 months after the original decree was rendered, and the decree on rehearing being invalid, the appeal must be dismissed. 200 Ala. 596, 76 South. 954; 202 Ala. 180, 79 South. 664; 202 Ala. 259, 80 South. 98.

SOMERVILLE, J. The bill was filed under the statute to quiet the title to certain lands. A final decree dismissing the bill was rendered on August 19, 1920, and on August 28, 1920, complainant filed her application for a rehearing. This application was overruled, as the record shows, on November 19, 1920, by a decree filed on that day, which, however, modified the original decree so as to dismiss the bill without prejudice.

The appeal is from the decree overruling the application for a rehearing, and appellee moves for the dismissal of the appeal on the ground that that decree was rendered after the lapse of 30 days from the rendition of the original decree, and without any order of continuance entered within the 30-day period.

Section 3 of the act of September 22, 1915 (Gen. Acts 1915, p. 708), regulating procedure in circuit courts, provides that—

"after the lapse of thirty days from the date on which a judgment or decree was rendered the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, *and an order entered continuing it for hearing to a future day*." (Italics supplied.)

Under this provision of the act there must be a decree on the motion for rehearing within the 30-day period prescribed, or else the motion must be continued for future hearing by an order of record made and entered within the 30-day period. This has been several times clearly and explicitly decided by this court, and the rule must be regarded as settled beyond further controversy. Mt. Vernon, etc., Mills v. Judges of Fifteenth Circuit, 200 Ala. 168, 75 South. 916; Hale v. Kinnaird, 200 Ala. 596, 76 South. 954; Ex parte Highland Ave. & B. R. Co., 105 Ala. 221, 17 South. 182.

The record in this case wholly fails to show any order continuing the motion, and the decree thereon was rendered two months after the lapse of the 30 days prescribed. Under the plain language of the act, and the express decisions of this court, the decree of November 19, 1920, was void for want of jurisdiction, and cannot support an appeal.

It results that appellee's motion to dismiss

---

⚷═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the appeal must be granted, and it is so ordered.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN, and THOMAS, JJ., concur.