(95 South. 363)

### Ex parte DAVIS et al. (4 Div. 38.)

(Supreme Court of Alabama. Feb. 8, 1923.)

Equity ☞452—Statute fixing time for filing and calling court's attention to motion to set aside judgment inapplicable to original bill of review.

Act Sept. 22, 1915 (Gen. Acts 1915, p. 708) § 3, requiring that a motion to set aside a judgment be filed and called to the court's attention within 30 days, is inapplicable to a widow's petition to vacate a decree if such petition may be regarded as an original bill of review.

Application by J. W. Davis and others for writ of mandamus to Hon. A. B. Foster, as Judge of the Twelfth Judicial Circuit. Writ denied.

The object of the petition is to require the circuit judge to strike the motion of Mrs. Pearlie (Davis) Lee to set aside decree rendered by said judge in the case of petitioners against said Mrs. Lee. The motion or petition sought to be stricken alleges that the petitioner there (Mrs. Pearlie [Davis] Lee) is the widow of C. Davis, deceased, who died in April, 1920, possessed of certain property in Coffee county; that said land consisted of 120 acres, was occupied by C. Davis at the time of his death as a homestead, and did not exceed $2,000 in value; that the petitioner and Virgil Davis, a minor child of C. Davis, are entitled to have said lands set apart to them as a homestead, exempt from administration and the payment of debts.

By paragraph 2 it is alleged that there were left surviving said C. Davis, as his legal heirs, J. W. Davis, R. I. Davis, Julia Carnley, Sarah Blalock, and S. M. Davis, each over the age of 21 years; and that, notwithstanding the right of homestead in the widow and minor child, said heirs filed a bill to have a homestead carved out of the lands in question and allotted to the widow and minor child.

By paragraph 3 it is averred that after suit filed J. W. Davis, acting for himself and the other legal heirs, came to petitioner and proposed a settlement, by which he and the other heirs would make her a deed to 40 acres of the land, and she would relinquish all her right to the remainder; that said Davis brought to her an instrument in writing, representing to her that if she would sign the same he and the other heirs would execute to her a deed for 40 acres; that she relied on the representations and advice of said Davis and signed the paper, believing that when she did so she would have absolute title to 40 acres of the land in herself and minor child; that the legal effect of the paper writing was not as represented; that she did not defend against the suit, and knew nothing of its purpose, but later learned that a decree for the sale of 80 acres of the land had been rendered, and that she had relinquished her dower rights therein without any payment, and that she had retained only a life interest in the remaining 40 acres as a homestead.

By paragraph 4 it is averred that the petitioner (the widow) had nothing to do with the paper signed by her (a copy of which is exhibited) and had no legal advice as to it; that said Davis pretended to be her friend, and she confided in what he said as to the legal effect of the paper signed; that said paper did not set forth the true facts of the agreement made by her with said Davis, and did not provide that Davis and the other heirs should make to her and said minor child deeds to 40 acres of the land as Davis had agreed. It is further averred that the petitioner was prevented from defending the cause by reason of the misrepresentations, deception, and fraud practiced on her.

W. W. Sanders, of Elba, for petitioner.

In a bill of review, an application for leave to file the same is necessary, and the adverse party is entitled to notice of such application. 2 Stew. & P. 417, 21 C. J. 735; 84 Ala. 348; Code 1907, §§ 3177, 5372. Where motion for rehearing or new trial is not made within 30 days, or acted on or continued by the court, a judgment or decree rendered on such motion is void. Acts 1915, 830; 200 Ala. 596, 76 South. 954; 203 Ala. 502, 83 South. 600.

J. A. Carnley, of Elba, for respondent.

No brief reached the Reporter.

McCLELLAN, J. Original petition by Davis and others to this court for writ of mandamus to require the judge of the Twelfth circuit to vacate and annul an order or ruling of the circuit court denying the motion of present petitioners to strike a pleading filed on March 1, 1921, and later amended, by Mrs. Pearlie Davis Lee, wherein Mrs. Lee sought to have vacated a decree entered in the cause of Davis and others against Mrs. Lee and her minor child in which the relief sought was the setting apart of homestead exemption to Mrs. Lee and the minor child and the partition among these complainants of the

excess of real estate of which Mrs. Lee's former husband, C. Davis, was seized and possessed at the time of his decease.

The report of the appeal contains the substance of paragraphs 2, 3, and 4 of the pleading filed on March 1, 1921, by Mrs. Pearlie Davis Lee. So far as the present record advises, this pleading was not called to the attention of the judge or court until March 5, 1921, more than 30 days· after the decree assailed was rendered. The decree Mrs. Lee sought to have set aside was rendered on February 1, 1921. It does not appear from the record of that cause, reproduced in the present proceeding, that the decree assailed has been fully executed, or that that cause is not still pending in the same court whereto Mrs. Lee addressed her pleading through which she seeks the vacation of the decree therein. Independent of the correctness of other considerations recited in the court's opinion, the court's declination to sustain the motion to strike Mrs. Lee's pleading, assailing the decree, may be justified by recourse to that feature of the court's conclusion wherein it was declared that Mrs. Lee's "petition should be treated as an original bill, and procedure had thereunder as such." Referring the action of the court to that theory, it is evident that Mrs. Lee's pleading was regarded, as it might well have been, as a bill in the nature of an original bill of review. Evans v. Wilhite, 167 Ala. 587, 52 South 845. Whether the view thus manifested by the court or the exercise of discretion thereby evinced were well founded, the practice approved in Sayre v. Elyton Land Co., 73 Ala. 85, 96, might be considered.

Section 3 of the act approved September 22, 1915 (Gen. Acts 1915, p. 708), provides that—

"After the lapse of thirty days from the date on which a judgment or decree was rendered the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day."

If Mrs. Lee's pleading is regarded as an original bill—a new suit (Evans v. Wilhite, supra)—it is manifest that the act quoted ante is without application in the premises.

Whether the pleading of Mrs. Lee, sought to be stricken on the present petitioners' motion, is sufficient as an original bill, when assailed by appropriate demurrer, is a question not presented for· consideration by this application for mandamus.

The writ of mandamus prayed is denied.
Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.