**DAVIS et al. v. DAVIS.  (4 Div. 99.)**

(Supreme Court of Alabama. Feb. 14, 1924. Rehearing Denied May 22, 1924.)

1. **Equity** ⬅️452—**Statute fixing time for filing of motion to set aside judgment held inapplicable to bill in nature of bill of review.**

Acts 1915, p. 708, § 3, requiring motion to set aside judgment to be called to court's attention within 30 days is inapplicable to widow's bill in nature of bill of review, seeking to impeach for fraud a decree rendered.

2. **Equity** ⬅️452—**Bill to impeach decree for fraud must be filed within three years after rendition.**

Under Code 1907, § 3178, bill to impeach a decree for fraud in its procurement must be filed within three years after its rendition, although infants and persons of unsound mind have three years after termination of their disabilities.

3. **Homestead** ⬅️152—**Widow held entitled to have property set aside as homestead.**

Where the sole real property owned by decedent at the time of his death consisted of but 160 acres of land of value less than $2,000, under Code 1907, §§ 4196 and 4198, the widow and minor children were entitled to have same set aside as homestead.

4. **Equity** ⬅️445—**Equity courts have jurisdiction to annul decree obtained by fraud.**

Equity courts have jurisdiction to annul decree of courts of competent jurisdiction obtained by fraud.

5. **Equity** ⬅️460—**Allegations of unexplained facts indicating fraud in procurement of decree sufficient.**

General averments of unexplained facts from which a conclusion of fraud arises are sufficient in petition attacking decree for fraud in procurement.

6. **Equity** ⬅️460—**Petition attacking decree for fraud in procurement held sufficient.**

Petition attacking for fraud decree ordering sale of property, which should have been declared homestead of petitioner, and alleging her consent to such decree was obtained by fraudulent representations as to its legal effect, and promises to convey other land to her, held sufficient on demurrer.

7. **Equity** ⬅️457—**Minor child held not necessary party to bill attacking for fraud decree ordering sale of homestead.**

Under Code 1907, §§ 4209, 4224, an infant, though a proper party, is not a necessary party to a bill by its mother to set aside for fraud a decree ordering the sale of property which should have been declared the homestead of petitioner and such minor.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Bill in the nature of a bill of review by Pearlie Davis against J. W. Davis and oth-

ers. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

W. W. Sanders, of Elba, for appellants.

An order modifying a final decree after lapse of 30 days is void. Howard v. Ala. F. & I. Co., 208 Ala. 500, 94 South. 531; Acts 1915, p. 708, § 3. Matters of defense, existing at and before rendition of the decree sought to be reviewed, cannot be introduced into a bill of review. Thorington v. Thorington, 111 Ala. 237, 20 South. 407, 36 L. R. A. 385; Sims' Ch. § 640.

Fleming & Yarbrough and J. N. Ham, all of Enterprise, for appellee.

The bill is original, and is not subject to the act of 1915. Ex parte Davis, 209 Ala. 126, 95 South. 363; Evans v. Wilhite, 167 Ala. 587, 52 South. 845.

MILLER, J. This is a petition or bill filed by Pearlie Lee Davis, widow of C. Davis, deceased, against J. W. Davis and others, children of the decedent, who were over 21 years old at the time of his death, and seeks to have set aside as void for fraud a decree rendered in a cause wherein J. W. Davis and the other heirs of decedent, over 21 years of age, were complainants and she and her minor child were defendants. It appears this decree orders 80 acres, which is a part of the land of the decedent, sold for division among the joint owners, the heirs of decedent, and it sets apart 40 acres of his land as a homestead for petitioner, his widow, and his minor child.

J. W. Davis and others demurred to this petition, which demurrer was overruled by the court; and this appeal is prosecuted by them from that decree, which is the error assigned.

This cause has been in this court before on petition for writ of mandamus. See Ex parte Davis et al., 209 Ala. 126, 95 South. 363.

[1] The defendants insist their demurrers to the bill or petition should have been sustained because the decree was rendered on February 1, 1921, the petition was filed March 1, 1921, but it was not called to the attention of the court until March 5, 1921, and this was more than 30 days after the decree was rendered, and the court, under the act in General Acts 1915, p. 708, § 3, has no control over the decree. They refer to Howard v. Ala. Fuel & Iron Co., 208 Ala. 500, 94 South. 531, to sustain their position. Neither this act nor the above-cited authority of Howard v. Ala. Fuel & Iron Company, has any application to this cause. Ex parte Davis, 209 Ala. 126, 95 South. 363.

This is an original bill in the nature of a bill of review. It states "the decree and proceedings which led to it, with the circumstances of fraud on which it is impeached."

McDonald v. Pearson, 114 Ala. 630, 21 South. 534. These averments are necessary to give it equity. Graves v. Brittingham, 209 Ala. 147, 95 South. 542; Evans v. Wilhite, 167 Ala. 587, 52 South. 845. The main purpose of this petition or bill is to impeach for fraud that final decree rendered in the cause. It seeks to have the decree declared void for fraud in its procurement by extrinsic facts and collateral circumstances not appearing in the record.

[2] A bill to impeach a decree for actual fraud in its procurement by analogy to a bill of review must be filed within three years after the decree is rendered; but infants and persons of unsound mind have three years after the termination of their respective disabilities. Section 3178, Code 1907; Gordon v Ross, 63 Ala. 363; Graves v. Brittingham, 209 Ala. 147, 95 South. 542.

[3] It avers the land involved in said cause did not exceed 120 acres. C. Davis, her husband, a resident of this state, died seized and possessed of this land on April 5, 1920, which is described as follows: S. E. ¼ of N. E. ¼, S. W. ¼ of N. E. ¼, and S. E. ¼ of N. W. ¼ of section 25, township 3, range 19, in Coffee county. The three 40's join, lie in one body, and were used by the decedent at the time of his death as a homestead. It did not exceed in area 160 acres or in value $2,000; and it constitutes all the real estate owned by this decedent in this state at the time of his death. The decedent left a widow, the petitioner, and one minor child. Under these averments, if true, the entire 120 acres of land, under sections 4198 and 4196 of the Code of 1907, should have been set apart as a homestead to the widow and minor child of the decedent; and the title to the entire 120 acres would vest in them absolutely. Section 4198. Code 1907.

Section 4196 of the Code of 1907 provides "such homestead" of a decedent—

"shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age, except by the order of the chancery court for reinvestment with the consent of the widow in writing, if living."

Yet, under the averments of this petition, the children of decedent, of age at his death, have secured a decree of sale for division of 80 acres of this homestead, in which they own no interest or title under the facts averred.

If the application for the personal property and homestead exemptions is made and claimed under section 4224 of the Code of 1907 by the widow, then it provides:

"And in estimating the value of such property or any part thereof, if the same be held in pledge or under mortgage or other lien or incumbrance created prior to the death of the decedent, such incumbered property must be valued at only the excess of its value over and

above the sum of such liens or other incumbrances."

The petitioner, the widow, avers that J. W. Davis, after the original bill was filed in this cause, representing himself and the other complainants, came to her and by deception, misrepresentation, or fraud practiced on her, prevented her from defending said cause. He, for himself and for them, proposed making a settlement with her in a friendly manner, and told her that he and the other heirs named as complainants would make her deeds to one 40 acres, naming it, if she would relinquish and release her dower to the other 80 acres, and they would convey all their rights to her and her minor child in the 40 acres, and would never interfere with her rights in the same, and she further avers:

"That said J. W. Davis brought to her an instrument in writing already prepared and told her that if she would sign the same that they would make her deeds within a few days to the 40 acres; that the legal effect of said contract was not as represented to her; that she relied on the representations of said J. W. Davis and the advice he gave her and signed the same, believing that when she did so she would have the absolute title to the said 40 acres in herself and her said minor child, Vergie Davis; that she did not defend against the said suit and knew nothing about the purpose of said suit, but later learned that a decree of sale was rendered for the sale of the other 80 acres of said land, and that she had relinquished her dower rights therein without the payment of any sum whatever; and that she retained only a life interest in the other 40 acres as a homestead.

"She avers that she had nothing to do with the preparation of said contract which was signed by her, a copy of which is attached hereto and made Exhibit A, that she had no legal advice as to what said contract was, and that the said J. W Davis pretended to be her friend and she confided in what he said, the same was in fact and legal effect, but that it did not provide, set forth, and state the true facts as to the agreement which she had made with said J. W Davis, and did not provide that said C. Davis heirs should make and execute to her and said child deeds to said 40 acres, as she and said Davis had agreed, and that she is therefore unwilling to ratify and confirm the same, since she has learned its legal effect, which does not in truth express the true agreement made between her and said Davis heirs."

[4, 5] Courts of equity have jurisdiction to annul decrees of courts of competent jurisdiction, which have been obtained by fraud. Such a decree is "impeachable only for actual fraud in its procurement." McDonald v. Pearson, 114 Ala. 643, 21 South. 534;

Graves v. Brittingham, 209 Ala. 149, 95 South. 542. This court stated, in Burford v. Steele, 80 Ala. 150:

"General averments of facts, from which, unexplained, a conclusion of fraud arises, are sufficient."

[6] It appears J. W. Davis, acting for himself and the other complainants in the original bill, under the facts alleged, took an undue advantage of the widow of their father and their minor sister, for the purpose of actually and knowingly defrauding her and the minor child out of a part of their homestead rights. The facts alleged indicate they were actually and knowingly defrauding them of their homestead in part. She, the widow, by their false representations as to the agreement and the homestead rights of herself and minor child, was lulled and prevented by them from going into court in that cause with proper legal advice, and presenting the facts and securing the entire 120 acres as a homestead, absolutely, in fee simple for herself and minor child. These extrinsic facts and collateral circumstances, not appearing in the original cause, clearly indicate actual fraud in the procurement of the decree; and, if they are true, the decree should be vacated, annulled, and declared void. Evans v. Wilhite, 167 Ala. 587, 52 South. 845, Graves v. Brittingham, 209 Ala. 147, 95 South. 542, and authorities supra.

[7] The appellant insists the demurrers should be sustained because the minor, Vergie Davis, is not made a party to this cause. This is an original bill in the nature of a bill of review by the widow to have that decree impeached for actual fraud committed by complainants in its procurement against her and the minor child. The minor is not a party to the fraud, only injured by it, and was not connected with the agreement. The minor child in this proceeding is a proper party but not a necessary, indispensable party. In the probate court, under sections 4209 and 4224 of the Code of 1907, the widow may make application in writing, under the circumstances therein mentioned, for exemptions to be set apart to her and the minor children or to either, without making the minor a party. The minor is a party to the original suit, but not a necessary party to this proceeding to declare the decree therein void for actual fraud in its procurement.

The decree is affirmed.

Affirmed.

ANDERSON, C. J, and SAYRE and GARDNER, JJ., concur.