## GARVEY v. INGLENOOK CONST. CO.
### (6 Div. 406.)

(Supreme Court of Alabama.  May 28, 1925.)

**1. Judgment ⬥443(1)—Judgment of dismissal set aside for fraud, accident, or mistake.**

A party is entitled to have judgment of dismissal set aside under Code 1923, § 9521, if he is prevented from prosecuting or defending a cause by fraud, accident, or mistake, and he is without neglect or fault in the matter.

**2. Judgment ⬥460(1)—Sustaining of demurrer to petition to have judgment of dismissal set aside improper, where allegations substantially comply with statute.**

Where allegations, in petition to have judgment of dismissal set aside under Code 1923, § 9521, substantially comply with statute, it is improper for court to sustain demurrer thereto.

**3. Judgment ⬥460(1)—Petition to have judgment of dismissal set aside separate, equitable proceeding.**

A petition, filed under Code 1923, § 9521, to have judgment of dismissal set aside, is a proceeding equitable in nature, and, if petition substantially follows statute, it is sufficient, and party proceeding thereunder is not required to acquit himself of negligence in failing to apply to court of law for relief before going into equity to obtain same relief.

**4. Judgment ⬥460(3) — Petition under 4-month statute to have judgment of dismissal set aside held not demurrable as failing to state sufficient grounds for relief.**

In petition under 4-month statute (Code 1923, § 9521) to have judgment of dismissal set aside, allegations that petitioner's attorney was engaged in another cause in United States District Court at same time, and informed circuit court clerk's office to request circuit judge that an order of continuance be granted, but that such message did not reach judge, and dismissal for want of prosecution was entered, and that petitioner's attorney, because of illness, necessitating his going to a foreign state, did not learn of such dismissal until more than 30 days thereafter, held sufficient, if proven, to entitle petitioner to relief proven, and sustaining of demurrer thereto was error.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Petition under 4 months' statute by Mrs. M. E. Garvey, to set aside a judgment of dismissal in the case of Mrs. M. E. Garvey against the Inglenook Construction Company.  From a judgment sustaining demurrer to the petition, petitioner appeals.  Reversed and remanded.

M. B. Grace, of Birmingham, for appellant.

A party is entitled to relief, if he is prevented from prosecuting or defending a cause

by fraud, accident, or mistake, and he is without neglect or fault in the matter.  Demurrer to the petition here was erroneously overruled.  Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Ingram v. Ala. Power Co., 201 Ala. 13, 75 So. 304; Nixon v. Clear Creek Co., 150 Ala. 604, 43 S. 805, 9 L. R. A. (N. S.) 1255; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Eminent Household, etc., v. Lockerd, 202 Ala. 330, 80 So. 412; Code 1923, § 9521.

W. H. Woolverton, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J.  The appellant sued J. C. Alexander in the municipal court of Jefferson county, and the appellee, Inglenook Construction Company, was made garnishee.  At the time of the service of the writ of garnishment, Alexander was under contract with the Inglenook Company to do certain wiring of buildings which the company was constructing.  A surety company was surety on the bond of Alexander, executed to the Inglenook Construction Company.

The Inglenook Construction Company failed to answer the writ of garnishment, conditional judgment was rendered, and the required notice executed on the garnishee.  A final judgment was rendered, and, by agreement of counsel, the judgment was set aside and the garnishee answered, "Not indebted," which was contested, the garnishee examined orally before the court, the garnishee was discharged, and appeal to the circuit court was taken.  This cause was set for trial on Monday, October 27, 1924, before a judge of said court, the cause appearing on the printed docket of cases set for trial on that date, showing the name of the judge before whom the cases were set for trial, the date of the setting of each case, and the names of the attorneys for the respective parties.

The attorney for appellant was also attorney in a matter pending in the United States District Court at Birmingham.  The district judge had set that case for trial at 9 o'clock a. m. on October 27th.  A rule of the circuit court of Jefferson county is to the effect that the docket is called in each division of the court.  It is averred in the petition:

"On October 27, 1924, the following rule was one of the rules of the circuit court of Jefferson county, Ala., and published in the printed docket issued by the court, to wit: 'Rule 6. It shall not be grounds for not proceeding with the trial of any civil or criminal [action] in the circuit court of Jefferson county at Birmingham that any attorney in such case is engaged in any court outside of Birmingham, other than a state or federal appellate court, or in any court in Birmingham other than the circuit court of Jefferson county, or the District Court of the United States'—and the said rule was in

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

force and effect on the said date, and has been in force since said date."

It is averred in the petition, filed under the 4-month statute (section 9521 of the Code of 1923), that the attorney who was engaged in the United States District Court was the attorney for appellant, understood the facts in the case, called the office of the circuit court clerk, which was a short distance from the courtroom of the circuit judge, requesting one of the deputy clerks, or some one whom he assumed was a deputy clerk, who answered the telephone, to advise the trial judge that he was engaged in the trial of a cause in the United States District Court, would be so engaged for two days or more, and requested that an order of continuance be granted in the matter of Garvey v. Alexander for the term. It is further averred:

"Being familiar with the aforesaid rule, counsel for Mrs. M. E. Garvey naturally presumed the message had been delivered and the cause had been continued. * * *"

Nevertheless, the message did not reach the circuit judge, and on the following day an order of "dismissal for want of prosecution" was entered in the cause. It is further averred in the petition that the attorney for appellant presumed the cause had been continued for the term, as requested through the deputy clerk answering the telephone, and shortly thereafter said attorney was called to Florida on account of the serious illness and ultimate death of his stepmother, and when he returned to Birmingham, more than 30 days after the order of dismissal had been entered, he learned of said order. He filed a motion to reinstate the cause; the court held that there was a lack of jurisdiction to entertain the motion because of the lapse of more than 30 days from said judgment, and overruled the motion. Whereupon the appellant filed the instant petition under the 4-month statute to have the order of dismissal set aside and the cause reinstated. A demurrer was interposed to the petition on several grounds, and was sustained by the court.

[1-3] A party is entitled to relief if he is prevented from prosecuting or defending a cause by fraud, accident, or mistake, and he is without neglect or fault in the matter. Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Harris v. Harris, 208 Ala. 20, 93 So. 841; Nixon v. Clear Creek Lumber Co., 150 Ala. 604, 43 So. 805, 9 L. R. A. (N. S.) 1255; Ex parte Davis, 209 Ala. 126, 95 So. 363; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Eminent Household of Columbian Woodmen v. Lockerd, 202 Ala. 330, 80 So. 412. And it is improper for the court to sustain a demurrer to the petition for relief under the 4-month statute, where the allegations of the petition substantially comply with the statute. Evans v. Wilhite, 167 Ala.

587, 592, 52 So. 845. The petition filed under the provisions of section 9521 of the Code of 1923 (Code 1907, § 5372) is a proceeding equitable in nature, and the petition is to be granted where advantage has been procured, or a right destroyed, by reason of fraud, accident, or mistake. That is to say, the proceeding is one separate from the action at law, and is in the nature of an equitable proceeding under the 4-month statute in a court of law. If the petition substantially follows the statute, it is sufficient. This court has held that when a party proceeds under the 4-month statute he thereby institutes a new proceeding; its object being to relieve him against another judgment, and it may have the effect to award a new trial. He is not, however, required to acquit himself of negligence in failing to apply to the court of law for relief under the 4-month statute before going into equity to obtain the same relief, as he is required to do in applying to the court for a new trial.

This case is unlike other cases which have been decided by this court under the 4-month statute. In the case of Sharp v. Edwards, 203 Ala. 205, 82 So. 455, more nearly like the case at bar, this court said:

"A party who seeks relief in a court of equity, against a judgment obtained in a court of law against him by fraud, accident, etc., must show that he was without fault or neglect in the matter, and that he was ignorant of the fraud, not only at the time the judgment was rendered, but also during all the time allowed him for a new trial, or that he was prevented from making his motion for a new trial by accident, fraud, etc., unmixed with negligence on his part. Evans v. Wilhite et al., 167 Ala. 587, 591, 52 So. 845."

[4] In this matter petitioner says he was ignorant of the judgment of dismissal until more than 30 days after it had been entered, and during all the time in which appellant could have filed a motion for a new trial. It is true counsel for appellant was averred to have been in a distant state a part of the time during which a motion for a new trial should have been filed, and under circumstances of which he had no control. The whole matter was a culmination of events over which no one had control, and the case false under the term "accident or mistake," which gives rise to the remedy.

In the case of Evans v. Wilhite, 167 Ala. 587, 52 So. 845, a demurrer was sustained by the court to the petition, the case bearing analogy to this, and this court held the trial court was in error, saying:

"The 4-month statute, as has been held by this court, was intended to provide a more speedy and less expensive remedy in courts of law, against judgments in such courts by accident, mistake, or fraud, when unmixed with negligence on the part of complainant. When a rehearing is applied for under this statute, courts of law proceed upon the same principles adopted by courts of chancery in granting re-

lief, and the movant must acquit himself of negligence and bring himself within the operation of the statute. * * * When a party proceeds under the 4-month statute, he thereby institutes a new proceeding, but, of course, its object is to relieve him against another judgment, and it may have the effect to award a new trial. *He is not, however, required to acquit himself of negligence in failing to apply to the court of law for relief, under the 4-month statute, before going into equity to obtain the same relief, as he is, in applying to the court for a new trial, when he knew of the fraud before the adjournment of the term at which the judgment was rendered.*" (Italics supplied.)

The court thus held it was error for the trial court to dismiss the bill for want of equity.

The petition sets up a catalogue of circumstances which, if proven, will entitle the complainant to relief. There was no judgment rendered against the complainant, except a judgment for costs, but the complainant deems this, of importance and the order of dimissal prevented the prosecution of her cause on the facts. We are now dealing with the alleged error of the court in sustaining the demurrer to the petition, and we hold that the demurrer should have been overruled and the cause heard on its merits.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.