(135 So. 582)

**EZZELL et al. v. FIRST NAT. BANK OF RUSSELLVILLE.**

8 Div. 290.

Supreme Court of Alabama.

June 27, 1931.

Wm. L. Chenault, of Russellville, for appellants.

J. Foy Guin, of Russellville, for appellee.

BOULDIN, J.

Rehearing under the four months' statute, Code, § 9521, is confined to courts of law.

The aim of the statute is to give a speedy remedy at law similar to that already existing and still available by bill in equity to annul and vacate judgments at law procured by fraud, accident, or mistake without fault on the part of complainant, and upon a showing that he had a good cause of action or defense.

The same relief against decrees in equity is obtained by original bill in the nature of a bill of review. Stover v. Hill, 208 Ala. 575, 94 So. 826; Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Davis v. Davis, 211 Ala. 317, 100 So. 345; Newlin, Fernley & Co. v. McAfee, 64 Ala. 357.

Appellant filed a bill in equity to enjoin a sale of lands under mortgage, and for accounting and redemption. See Ezzell v. First National Bank, 218 Ala. 462, 119 So. 2.

After the cause was at issue, and after the trial court had by order prescribed the time within which proof must be taken, and no proof having been taken as per order, the court at the instance of respondent took the cause under submission and dismissed the bill for want of proof.

More than thirty days after this decree, but within four months, motion was made to set aside the decree dismissing the cause, and to reopen the cause for taking proof.

Certain matters were alleged as an excuse for failure to take proof, but no allegation was made showing a meritorious case.

This motion was denied and stricken on motion of respondent.

Without dealing with other questions, appellants in brief treat the motion as an application for rehearing under the four months' statute. As such it presented no case within the jurisdiction of the equity court. The action of the court thereon is not appealable.

The trial court was not called upon to treat the motion as an original bill in the nature of a bill of review. But, if so, the decree disposing of same was rendered more than six months before the appeal was taken.

In any event, the appeal must be dismissed on motion of appellee.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.