92 So.2d 886

### Joseph F. LEWIS
### v.
### Lucille McGee (Lewis) SMITH.

5 Div. 655.

Supreme Court of Alabama.

Jan. 10, 1957.

Rehearing Denied March 7, 1957.

Alvin B. Foshee, Clanton, for appellant.

Glen T. Bashore and Walter C. Hayden, Jr., Clanton, for appellee.

PER CURIAM.

This is an appeal from a decree overruling a demurrer to a bill which both parties designate as a bill in the nature of a bill of review.

The decree in question was rendered on January 23, 1954, whereby this appellant was complainant in a suit for divorce against this appellee. That decree granted the divorce to appellant on the ground of voluntary abandonment; but the decree makes no mention of alimony nor of a property settlement made by the parties dated the day before the decree. Said settlement agreement provided that this appellant has agreed to pay appellee $2,500, and to give her "all household furnishes and appliances" which they own. It does not stipulate when this shall be done. By said agreement appellee relinquished all claim for support or alimony and to all interest in his property. It further provided that if the court grants a divorce, a copy of the agreement shall be filed "and become a part of the court records and the terms of the agreement shall be included in the decree to be rendered, as if written therein by the court".

The bill for divorce was filed, service accepted with consent for immediate taking of testimony and submission: the testimony of complainant (this appellant) was taken and final decree rendered all on the same day, January 23, 1954. The testimony of complainant (appellant) in that suit proved the abandonment as alleged and that he had "agreed to make a property settlement with the respondent in the amount of $2,500 and to give her the furniture which is now located in my (his) home". But, as stated above, the decree contained no mention of the property settlement nor alimony. Nor did the record of that proceeding contain anything about the settlement agreement except the testimony of complainant referred to above.

On May 13, 1955, the respondent (this appellee) in the divorce suit filed a petition in the court which rendered the divorce decree, referring to said property settlement and alleging that complainant had wholly failed and refused to comply with it, and prayed for an order requiring complainant to appear and show cause why he had not complied with it and that he be dealt with according to law. The respondent (this appellee and petitioner) had remarried by that time. The complainant (appellant) moved to quash the supplemental petition.

Without a ruling on that motion, said respondent (petitioner) on August 13, 1955 filed another petition alleging the facts with reference to the agreement and (in substance) that by "accident, mistake or omission of Joseph F. Lewis (this appellant) or his attorney of record or by the oversight of this court or the judge of this court, the rights of your petitioner have been sub-

stantially prejudiced in that your petitioner is remitted to an action at law on the contract or to a suit in equity praying for specific performance of the contract," etc., and prayed that upon a hearing the court "will by its decree, modify, amend or reform the original and final decree granted in this cause on January 23, 1954 by incorporating therein the contract evidenced by Exhibit 'A' attached hereto". Complainant (this appellant) made a motion on August 30, 1955 to quash the petition of August 13, 1955.

On September 3, 1955, without anything further having been done in respect to those petitions, said respondent (appellee here) filed another petition without referring to the two petitions previously filed, but in the same language as the one filed August 13, 1955 except a change in the prayer, so as to make appellant a party respondent to that petition and directing him to plead, answer or demur, etc., and again prayed that the court "will, by its decree, modify, amend or reform the original and final decree granted in this cause on January 23, 1954 by incorporating therein the contract evidenced by Exhibit 'A' attached hereto", and for general relief.

Said complainant (respondent in the petition) filed a demurrer to that petition. On November 22, 1955 the said petitioner filed an amendment to the petition alleging that the contract was left out of the final decree rendered in this cause through fraud of Joseph F. Lewis, and that through said fraud the rights of your petitioner have been substantially prejudiced in that your petitioner is now denied the remedies afforded by this court in the enforcement of its decree and your petitioner is now remitted to an action at law, etc. There was no amendment to the prayer.

On April 17, 1956 a demurrer was filed to this petition as amended. Petitioner on June 15, 1956 filed two separate motions to dismiss the two petitions, first filed as above stated, not including the one filed September 3, 1955 as amended. And on the same day the court entered two separate decrees dismissing those petitions. On June 26, 1956 the court entered a decree overruling the demurrer to the petition as last amended. This appeal results.

As we stated above, both parties have treated this proceeding as an original bill in the nature of a bill of review. "Court of equity may grant relief from decree of equity court to the same extent and upon same grounds that relief could be had from judgment at law, obtained by fraud, accident, or mistake, unmixed with negligence of defendant in judgment". Barrow v. Lindsey, 230 Ala. 45, 159 So. 232; Ezzell v. First National Bank, 223 Ala. 353, 135 So. 582; Ex parte Cox, 253 Ala. 647, 46 So.2d 417. Relief from a judgment at law is provided for by the four months statute. Section 279, Title 7, Code 1940.

■ We observe that the power of the court to amend or modify a judgment or decree after the expiration of thirty days, except for purely clerical error, is governed by statute. Sections 566, 567, Title 7, Code. This applies to equity. It was never intended by nunc pro tunc proceeding to permit the modification of a judgment or decree so as to make it adjudge something which the court did not in fact adjudge as evidenced by matter of record. Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125; Sisson v. Leonard, 243 Ala. 546, 11 So.2d 144; Story Mercantile Co. v. McClellan, 145 Ala. 629, 40 So. 123. The parties to this proceeding do not here contend otherwise. The four months statute does not so authorize. A bill in the nature of a bill of review for fraud, accident or mistake, was not intended to permit such relief. It is not based on the same right as exists to reform or modify a *deed* to make it express the intention of the parties. The thirty day period as extended is the limit in which judgments or decrees may be modified,—section 119, Title 13, Code,—except by nunc pro tunc, not now considering decrees requiring continuous duty which

may be modified on account of changed conditions.

A bill in the nature of a bill of review is available after, as well as before, the expiration of thirty days from the rendition of a decree to obtain relief from such judgment when it is obtained by fraud, accident or mistake. But that relief is not for the modification of the decree so as to make it contain matter left out of it by such fraud, accident or mistake, but to annul or vacate the decree insofar as it affects the rights of complainant and permits a retrial of the suit. Stephenson v. Harris, 131 Ala. 470, 31 So. 445; Stewart v. Wilson, 141 Ala. 405, 37 So. 550; Goulding Fertilizer Co. v. Blanchard, 178 Ala. 298(6), 59 So. 485; Stuart v. Strickland, 203 Ala. 502(6), 83 So. 600. It was said in Mitchell v. Hardie, 84 Ala. 349, 4 So. 182, 183, with reference to such a bill that the court has power "to put the party complaining in the same condition in which he was at and prior to the rendition of the decree in the former suit". It contemplates a vacation of the judgment as to complainant so as to permit another trial.

The prayer of the instant bill or petition is to modify not to vacate the decree of divorce in any respect. Appellee has remarried and probably would not wish to vacate the decree of divorce and be granted a new trial, as that would seriously affect her marital status which she does not seek. The decree appealed from should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.