## Case No. 2,437.

### CARR v. HILTON.

[1 Curt. 390.] [1]

Circuit Court, D. Maine. Sept. Term, 1853.

BANKRUPTCY — ACTION BY ASSIGNEE TO INCREASE ESTATE — COMPETENCY OF CREDITOR TO TESTIFY —EVIDENCE—STATEMENT IN PRESENCE OF PARTY — LIMITATION OF ACTIONS — AVOIDANCE OF BAR—NOTICE.

1. A creditor of a bankrupt is not a competent witness for the assignee, in a suit to increase the estate.

2. Evidence that a statement was made to a court by counsel. in the presence of the complainant, who was not a party, is inadmissible.

3. To avoid the bar of the statute of limitations, the complainant must not only allege his ignorance of the fraud, but when and how it was discovered; and must offer satisfactory evidence to prove these averments.

[Cited in Moore v. Greene, Case No. 9,763; Calais Steamboat Co. v. Scudder, 2 Black (67 U. S.) 389; Badger v. Badger, Case No. 718; Martin v. Smith, Id. 9,164; Baldwin v. Raplee. Id. 801; Re Hook, Id. 6,672; Wood v. Carpenter, 101 U. S. 141; Barlow v. Arnold, 6 Fed. 354; West Portland Homestead Ass'n v. Lownsdale, 17 Fed. 207.]

4. Information, which makes it the duty of a party to make inquiry, and shows where it may be effectually made, is notice of all facts to which such inquiry might have led. But a party, thus put on inquiry, is to be allowed a reasonable time to make it, before he is affected with notice.

[Cited in Lawrence v. Dana, Case No. 8,136; Martin v. Smith, Id. 9,164; Scammon v. Cole. Id. 12,432; Jaudon v. City Bank, Id. 7,230; Hamlin v. Pettibone, Id. 5,995; Brooke v. McCracken, Id. 1,932; Pickert v. The Independence, Id. 11,124; Yancy v. Cothran, 32 Fed. 689.]

[In equity. Bill by Joshua Wingate Carr, assignee in bankruptcy of William Smith, against Stephen Hilton, to reach certain alleged assets of the bankrupt. Defendant demurred to the bill of complaint, and the demurrer was overruled. See Case No. 2,436, next preceding. Thereafter, he answered, and the case is now heard upon the merits.]

CURTIS. Circuit Justice. A demurrer to this bill was argued and overruled at the September term, 1852. It was then determined. that, as the frauds charged in the bill, though alleged to have been committed more than two years before the institution of the suit. were averred in the bill to have been discovered by the complainant within two years. the cause of action had accrued to the complainant within two years, and so was not barred by the eighth section of the bankrupt act. The defendant having answered, denying the frauds charged in the bill, has again set up this statute of limitations as a bar, and accompanied it by a denial of the averments of the bill respecting the discovery of the alleged frauds. And evidence has been offered by each party concerning the

---

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

time of this discovery. Before considering that evidence, it is material to notice, that, in order to avoid the bar of the statute of limitations, the complainant must not only state that the fraud was unknown to him, till within the time allowed by the statute, but he must state when and how it was first discovered. Stearns v. Paige, 7 How. [48 U. S.] 829; Fisher v. Boody [Case No. 4,814].

Some of the evidence in this case, on both sides, is inadmissible. The deposition of Mr. Warren, who is a creditor of the bankrupt, is, for that cause, incompetent. 1 Greenl. Ev. § 392. He is interested to increase the fund. out of which he is entitled to be paid. And on the part of the respondent, those depositions which tend to prove that Mr. Warren, addressing the supreme judicial court of Maine on the hearing of a suit between one Haskell and this respondent, this complainant being then present, stated that he had informed this complainant of the alleged frauds before that suit was instituted, is also inadmissible. To affect a party by evidence that a statement was made in his presence, which he did not deny. the circumstances must be such as naturally called on him for a denial, if the statement was untrue. Otherwise, it cannot fairly be assumed that he acquiesced in the statement. Allen v. McKeen [Case No. 229]; Melen v. Andrews, 1 Moody & M. 336; Com. v. Kenney, 12 Metc. [Mass.] 235; 1 Greenl. Ev. § 197. And when a person, not a party, in a court of justice, hears a statement made by counsel to the court, he not only is not called on to deny it, but ordinarily would be silenced, if he attempted to do so. All the evidence on this subject is therefore laid out of the case, as irrelevant and incompetent. There remains only so much of the deposition of Mr. Stewart, as relates to the interview between himself and the complainant. on the twenty-fourth day of February, 1848. Mr. Stewart deposes, that, on the evening of that day, which was nearly three years before this bill was filed, he called on the complainant, to obtain from him. the office copy of his appointment as assignee in bankruptcy, to file in the suit between Haskell and Hilton. This paper is now produced, and appears to have been filed in the clerk's office on the twenty-fourth day of February, 1848; and there is no reasonable doubt, therefore, that the time of this interview is correctly fixed. He further testifies: "I found Mr. Carr apparently a cautious man, somewhat; and as I was a stranger to him, he seemed indisposed at first to let me have his appointment, without an explanation of the purpose for which I desired it. I thereupon stated to him that purpose, and the reasons for it. I gave him a history of the case from the first; its origin, the motives of the parties, &c. In doing this, I was obliged to, and did state to him the substance of the charges of the bill in that case. which were substantially the same as the charges in the present bill."

He then goes into some particulars concerning his statements, and adds: "I stated to him, distinctly and clearly, that Mr. Warren claimed the whole transaction to have been fraudulent as to Smith's creditors, and that his bill in equity was brought upon that ground; and that one ground relied upon in the defence was, that the suit should have been brought by him as assignee of Smith, in bankruptcy; and that he was the only party who could question the frauds, if any had been committed."

The case, then, stands thus. The complainant has offered no admissible evidence to show when and how he first discovered the alleged frauds; the defendant has offered the above evidence of notice to the complainant. If there was no evidence of notice on the part of the defendant, we should find great, if not insuperable difficulty, in holding that the bar of the statute of limitations was avoided. If it be necessary for the complainant to aver in his bill, when and how he first discovered the fraud, it is certainly incumbent on him to offer some legal evidence in support of those averments. If a communication was made to him, as he alleges in his bill, in June, 1849, he should have proved it, with all its circumstances, and show that his own conduct, in reference thereto, was such as to lead to a reasonable inference that he then first discovered the alleged fraud. But he offers no legal evidence of such a communication, and he did not file this bill until February, 1851, eighteen months after the alleged time of the discovery; and no reason is shown for the delay. But, independent of this, we are of opinion, that the deposition of Mr. Stewart shows such a notice of the alleged frauds, as caused the statute bar to begin to run, more than two years before this bill was filed.

The rule respecting notice is well settled. It is correctly laid down in Kennedy v. Green, 3 Mylne & K. 719, 721, 722: "It is the well-established principle, that whatever is notice enough to excite attention, and put the party upon his guard, and call for inquiry, is notice of every thing, to which such inquiry might have led. When a person has sufficient information to lead him to a fact he shall be deemed conversant of it." In support of this, many cases might be cited. It will be sufficient to refer to a few of them. The Ploughboy [Case No. 11,230]; Hinde v. Vattier [Id. 6,512]; Bowman v. Wathen [Id. 1,740]; Sugd. Vend. 1052, and cases there cited. Now, the complainant was told that a suit had been brought, founded on the facts alleged in this bill; that it had been prosecuted by respectable counsel; that it was then pending; that if any one could make title by reason of those facts, he alone could. This was clear, direct, and specific. It was not only enough to put the complainant on inquiry, but it referred him to the very source from whence this bill came; that is, to Mr. Warren; and informed him where he could find a particular narrative of the charges, and the evidence in support of them. It must be remembered also, that the complainant was acting in a fiduciary capacity, and that a duty was incumbent on him to make inquiry concerning property of the bankrupt, when he had authentic information that a third person was charged with concealing it, to defraud creditors.

It has been argued, that, as Mr. Stewart was the counsel of Hilton, the court ought to presume that he represented his client's case favorably, and gave Mr. Carr an impression that his client was innocent of the frauds. But Mr. Carr knew the fact that Mr. Stewart was Hilton's counsel. And if that fact requires the court to presume that Mr. Stewart's representation would naturally be favorable to his client, it required Mr. Carr to presume the same thing. But in truth, he should have acted not on any mere impressions, but on the specific and substantive facts stated to him; that the frauds had been charged in a bill filed in the supreme judicial court of Maine, by respectable counsel, whom he has now employed in this suit; that the bill was coming to a hearing, and that, in the view of the defendant's counsel, whatever title existed, belonged to him as a trustee for creditors. It was not necessary that he should then believe the frauds existed. It was enough that his attention was called to them, that he was put on his guard, and that he had sufficient information to lead him to the facts. It thus became his duty to know them; and after the lapse of sufficient time to make the necessary inquiries, he must be treated as if he had performed this duty, and did know them. Three years, wanting but twenty-three days, elapsed after this notice, before the bill was filed. Eleven months and upwards, is too much time to allow for making the necessary inquiries, considering that both the complainant and Mr. Warren lived in the city of Bangor, that the suit was pending in the county of Penobscot, and that, by an examination of the bankrupt himself, the whole matter could have been sifted to the bottom, in far less time than eleven months. Our opinion is, that the eighth section of the bankrupt act affords a complete bar in this case; and the bill, for this cause, must be dismissed.