# Porter *v.* Smith.

*Action against Attorney-at-Law, for Money Had and Received.*

1. *Fraud, as exception to statute of limitations.*—Long before the adoption of the statute in reference to fraud and fraudulent concealment as an exception to the statutes of limitation (Code, § 3242 ; Rev. Code, § 2946 ; Code of 1853, § 2492), it was a settled doctrine of courts of equity, that when fraud had been concealed by a party against whom there was a cause of action, the statute of limitations did not begin to run in his favor, until the discovery of the fraud, or until the party aggrieved had had a reasonable opportunity for discovering it.

2. *Same.*—The application of this principle to courts of law, as enunciated by Lord Mansfield in *Bree v. Holbreck* (Dougl. 654), though denied in New York, Virginia, and North Carolina, was supported by the weight of authority in the other States of the Union ; but, under the decisions of the courts adopting it, it was doubtful whether the time, necessary to complete the statutory bar, commenced to run only from the discovery of the fraud, or whether a reasonable time was allowed for bringing suit.

3. *Same.*—This being the state of the law before the adoption of the statute, as the legislature must be presumed to have known, the statutory limit of one year is prescribed as the reasonable time within which the aggrieved party, seeking to avoid the operation of the statute of limitations on the ground of fraud, or fraudulent concealment by the defendant, must institute his suit.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

This action was brought by William Porter, a non-resident of the State, against James Q. Smith, to recover money

[Porter v. Smith.]

alleged to have been collected by the defendant, as plaintiff's attorney, and not paid over on demand; and was commenced on the 14th September, 1876. The complaint contained only the common money counts, each claiming money alleged to be due on the 9th November, 1871. The defendant pleaded the general issue, payment, and the statute of limitations of six years. To the several pleas setting up the statute of limitations, the plaintiff filed a special replication, as follows: "That heretofore, to-wit, in the year 1867, the said defendant was a practicing lawyer in Alabama, and, as such lawyer, received from plaintiff, for collection, a claim against the Alabama and Tennessee Rivers Railroad Company; that plaintiff then was a citizen and resident of New York, and has so continued up to the present time; that defendant brought suit on said claim, against said railroad company, in the District Court of the United States at Montgomery, some time during the year 1867, and judgment was thereupon rendered in favor of the plaintiff, some time during said year 1867; that the money on said judgment was afterwards made by the United States marshal, and was by him paid over to said defendant, who was plaintiff's attorney; that on or about the 5th October, 1869, inquiry was made of said defendant, on behalf of said plaintiff, as to the condition of said claim, and his response was that said railroad company was insolvent; which response was dated the 24th December, 1869. And plaintiff avers, that said defendant, at the time said representation was made, had already collected said money on said claim; and that said representation was false; and that said defendant, knowingly, willfully and fraudulently concealed from said plaintiff the fact of the collection of said money; and that by reason of said willful, false and fraudulent concealment of the fact that said money had been collected, plaintiff was prevented from making any demand on said defendant, for the payment of said money, or from bringing any suit against defendant for the recovery of the same, until after the expiration of six years after the collection of said money by said defendant. And plaintiff further avers, that a demand was made on said defendant, for the payment of said money, within six years after plaintiff received information that said defendant had collected said money; which information was received by plaintiff on the 3d day of April, 1875; and afterwards, before the commencement of this action, a demand was made on said defendant, on behalf of plaintiff, for the payment of said money; and this action was commenced within six years after the discovery by plaintiff that said money had been collected by defendant." The court sustained a demurrer

to this replication, and its judgment on the demurrer is now assigned as error.

SAYRE & GRAVES, for the appellant.—This action is not founded on a fraud—does not " seek relief on the ground of fraud," as those words are used in the statute.—Code, § 3242. It is simply an action for money had and received ; and the statute of limitations being pleaded, the plaintiff replies a fraudulent representation and concealment by the defendant, and the commencement of the action within six years after the discovery of the fraud.　In such cases, the rule has been long settled, that the statute does not begin to run until the discovery of the fraud.—*Snodgrass v. Br. Bank at Decatur*, 25 Ala. 161 ; *Bailey v. Glover*, 21 Wallace, 349 ; 15 Kansas, 581.　No legislation was necessary for such cases, and the statute was not intended to apply to them.　Under section 3231, " civil actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated," are required to be brought within one year ; and section 3242 was intended, in such cases, to allow twelve months after the discovery of the fraud which constituted the cause of action ; or it may have been intended to give a cumulative remedy in other cases of fraud ; but it never could have been designed to take away existing remedies, or to shield and protect the person guilty of the fraud.

RICE & WILEY, *contra.*—The replication was a departure from the complaint ; the former being a common action of *assumpsit*, and the latter " seeking relief on the ground of fraud."—*McAden v. Gibson*, 5 Ala. 341.　If the action can be supported on the ground of fraud, it was barred by the statute of limitations.—Code, § 3242 ; *Samuels v. Ainsworth*, 13 Ala. 366 ; 4 J. B. Moore, 508.　The replication is defective, also, in its averments as to the particular facts constituting the fraud, the time they were discovered, the diligence used, &c.—See *Betts v. Lewis*, 19 How. 72 ; *Baubien v. Baubien*, 23 How. 119 ; *Badger v. Badger*, 2 Wall. 95 ; 1 Curtis, C. C. 220 ; *Kennedy v. Greene*, 1 My. & K. 722 ; *Stearns v. Page*, 7 How. 829 ; 9 Greenl. 131 ; 28 Miss 434 ; 8 Allen, 131 ; 31 Maine, 448 ; *Wood v. Carpenter*, decided by U. S. Supreme Court, and reported in Boston Law Reporter, for March 10, 1880, p. 297.

SOMERVILLE, J.—This case is determined by the construction of section 3242 of the Code of 1876, which reads as follows :　" In actions seeking relief on the ground of fraud, where the statute has created a bar, the cause of action must

not be considered as having accrued, until the discovery by the aggrieved party of the facts constituting the fraud, *after which he must have one year within which to prosecute his suit.*"

The state of the law before the enactment of this statute, and touching this particular subject-matter, will throw some light upon the legislative intention. It is known to have been the long-settled doctrine of courts of equity, that if fraud has been concealed by a party, against whom there is a cause of action, the statute of limitations does not commence to run, until the fraud has been discovered, or until the party aggrieved shall have had reasonable opportunity afforded him for discovering it.—Angell on Lim. § 183 ; *Snodgrass v. Branch Bank at Decatur*, 25 Ala. 161; *Coster v. Murray*, 5 John. (N. Y.) Ch. 522. The reason given by Lord Redesdale, in *Hovenden v. Lord Annesley* (2 Sch. & Lef. 634), was, that the *conscience* of the party being so affected, he ought not to be allowed to avail himself of the lapse of time. The first authoritative application of this principle to courts of law found encouragement, if not origin, in the apparent *dictum* of Lord Mansfield, uttered in *Bree v. Holbreck*, Doug. 654, that "there may be cases which fraud will take out of the statute of limitations." And while the soundness of the doctrine, as applicable to courts of law, has been denied in some of the States, including New York, Virginia, and North Carolina, we think the weight of authority in this country clearly supports the affirmative.—Angell on Lim. § 186; *Wear v. Skinner*, 24 Amer. Rep. 517 (46 Md. 257).

In courts of equity, the rule prevailed, that suit must be prosecuted, in all such cases, within a reasonable time after the discovery of the alleged fraud, while in courts of law it was doubtful whether time commenced to run only from the discovery of the fraud, or whether a reasonable time was allowed for instituting suit.—*Johnson v. Johnson*, 5 Ala. 90. We take it for granted that an appreciation of this difficulty confronted the law-making power, when the statute under consideration was enacted. The legislature meant to designate "*one year*," as a reasonable time, within which the party aggrieved should prosecute his suit, in all cases where he sought relief from the operation of a bar created by the statute of limitations, where that relief was based upon the fraud, or fraudulent concealment of the defendant.

The suit in this case, not having been commenced within the space of one year from the discovery of the fact that the appellee had collected and converted the money in question to his own use, was barred by the statute of limitations. The demurrer was properly sustained to the replication filed by appellant to pleas numbered 3, 4, and 5.

[Hosea v. Talbert.]

It is unnecessary to consider the other questions raised by the record.

. The judgment is affirmed.