27 P. 614 
1 Colo.App. 34
 ARNETT et al. v. COFFEY. 
Court of Appeals of Colorado
June 23, 1891

 
 Appeal
 from district court, Boulder county; SYLVESTER S. DOWNER,
 Judge.
 
 
 Action
 by Henry N. Coffey against Anthony Arnett and Mary G. Arnett
 to cancel an alleged fraudulent conveyance. Decree for
 plaintiff, and defendants appeal. Reversed.
 
 
 [1
 Colo.App. 35] In 1889, Henry N. Coffey brought this suit
 against Anthony Arnett and Mary G., his wife, to cancel
 sundry conveyances, which apparently vested the title to the
 described property in the wife. The bill set up that Coffey
 had obtained judgment against Arnett in the district court of
 Boulder county on September 14, 1888, for $680.80, and that
 prior to the rendition of judgment, and at the time when the
 indebtedness was incurred upon which judgment was rendered,
 Anthony Arnett was the owner of certain real property. There
 was no other statement in the bill as to the date when the
 indebtedness accrued, or as to the circumstances under which
 it arose. The usual allegation of the issuance of a fi. fa.
 and its return unsatisfied was in the bill. The plaintiff
 then averred "that he had been informed and believed,
 and so on information andbelief charged the truth to be, that
 each, all, and every of the said above-mentioned conveyances,
 and every one of them, was and were not real, but was and
 were mere sham, and made with the intention of delaying and
 defrauding plaintiffs," etc. He charged that no
 consideration was paid by any of the grantees, who became the
 grantors of the wife, who likewise obtained title without
 paying anything for the property. The dates of the several
 transfers were given, from which it appeared that part of the
 property was conveyed to one
 [27 P. 615] 
 Jones in July, 1877, and that the conveyance from Arnett to
 Woodworth, and the conveyances by them to their grantees, and
 thence to Mrs. Arnett, were executed and delivered at various
 dates between that time and December, 1877. These various
 deeds and their dates were admitted, though the answer
 specifically denied the allegation of fraud and want of
 consideration, and, in the usual form adopted in answers in
 equity, made affirmative allegation [1 Colo.App. 36] that the
 conveyances were made in good faith and for a valuable
 consideration. To avoid the statute of limitations with
 reference to bills for relief on the ground of fraud the
 following allegation was made: "That he first learned
 and became possessed of the information that the said various
 conveyances hereinbefore charged and set forth were and are
 fraudulent within the three months last passed, and that he
 first learned and became possessed of the knowledge of the
 facts constituting the aforesaid fraudulent transactions of
 the said defendant Anthony Arnett in the aforesaid
 conveyances during the month of November, 1888." No
 other allegation on the subject appears in the bill. Issue
 was taken upon this averment, but upon the trial no proof was
 offered upon the subject. At the trial the only evidence
 offered as to the time when the indebtedness put into
 judgment in 1888 was incurred was the pleadings in that suit.
 That was a suit of Coffey against Arnett alone. The complaint
 in that case stated that in 1873 Coffey and others were
 interested with Mr. Arnett in the "Big Thing" lode,
 and that, in order to facilitate the procurement of the
 government title to the property, he and his co-owners deeded
 to Arnett, with the stipulation that Arnett should procure
 the patent and then redeed to the parties their respective
 interests. It averred the procurement of the patent in 1875,
 and the subsequent sale, in 1883, of the particular property
 to Jones and Yankee for $5,000, and sought to recover the
 one-twelfth of the money paid by them therefor. It is
 needless to state the defenses set up further than to say
 that issue was taken upon all the averments, and that the
 proceedings resulted in the judgment which is the basis of
 this bill. On the trial of the present case evidence was
 introduced tending to show that the transfers from Mr. Arnett
 to Jones, and from him to Sweet, and from Sweet and Woodworth
 to Mrs. Arnett, were without consideration, and that they
 were made for the purpose of avoiding the liability supposed
 to exist against Mr. Arnett upon an official bond. The
 evidence offered by the plaintiff demonstrated that Woodworth
 paid a consideration for the [1 Colo.App. 37] title which he
 took, though the amount of it was not proven. A demurrer was
 originally interposed to the bill upon various grounds, and,
 among others, that it did not state facts sufficient to
 constitute a cause of action. It was overruled, and this
 order was followed by the answer. The decree vacated the
 various conveyances from Arnett to Jones and Arnett to
 Woodworth, set aside the various deeds whereby Mrs. Arnett
 acquired title, and directed that the entire property should
 be subjected to the payment of Coffey's judgment.
 
 
 William
 E. Beck and O.A.F. Greene, for appellants.
 
 
 George
 S. Adams, for appellee.
 
 
 BISSELL,
 J., (after stating the facts.)
 
 
 It is
 universally agreed that as against existing creditors a
 debtor may not make a voluntary conveyance. To bring the case
 within this well-recognized principle it must be shown by
 both allegation and proof that the debt to which the property
 is said to be subject existed at the time of the conveyance,
 unless there be present an intention to defraud creditors
 whose rights are shortly expected to arise, and whose rights
 may thereafter supervene. Wilcoxen v. Morgan, 2 Colo. 473;
 Sexton v. Wheaton, 8 Wheat. 229; Jackson v. Jackson, 91 U.S.
 122. As against Anthony Arnett it is tolerably clear that
 Coffey's claim did exist prior to the time of the several
 conveyances which he made. While no evidence whatever was
 offered upon that subject, other than what may be drawn from
 the record of the case of Coffey v. Arnett, as against him
 this seems to be ample for the purpose. In that suit an issue
 was fairly tendered as to the time and manner in which Arnett
 acquired the title to Coffey's one-twelfth interest in
 the lode. From the verdict in that case it must be assumed
 that Arnett took the title in trust and under an obligation
 to reconvey when he received the government patent. This
 obligation existed in 1873, prior to the date of the various
 [1 Colo.App. 38] conveyances which he made. In cases where
 the judgment is silent as to the issue upon which it was
 rendered it is entirely competent to resort to the pleadings
 for the purpose of determining what issue was tendered, and
 which may be said to be conclusively settled by the judgment.
 Hinde's Lessee v. Longworth, 11 Wheat. 199. This does not
 enable the plaintiff to recover. In the absence of any other
 proof than what is furnished by this judgment and the
 pleadings, the complainant, as against Mrs. Arnett, still
 remains a subsequent creditor. According to his own
 allegations, the various deeds from Mr. Arnett and the mesne
 conveyances which vested the title in Mrs. Arnett all
 antedated the judgment; and, while the pleadings in that suit
 may, as against Arnett, demonstrate that the plaintiff was a
 creditor prior to these various transfers, they do not now
 avail as against the wife, who was not a party to the record.
 When, therefore, it appeared from the plaintiff's own
 proof that Mrs. Arnett acquired title many years prior to the
 rendition of judgment, he was bound to show, as against her,
 by competent testimony, that he was a creditor before the
 date on which she acquired title. Niller v. Johnson, 27 Md.
 6.
 
 
 The
 right of a judgment creditor to come into a court of equity
 to remove a fraudulent obstruction to the collection of his
 judgment, and to enforce a claim against property which ought
 to be subject thereto, is well established; but in a case
 like the present it is requisite that the judgment shall be
 made a lien upon the property which is to be subjected to it.
 Where
 [27 P. 616.] 
 the writ is thus operative, the lien may possibly be acquired
 by the execution, but otherwise the judgment must be either a
 lien under the statute when entered, or must be made one by
 the taking of those steps which the statute points out. That
 in some way the lien must be acquired and exist at the time
 that the bill is filed is clearly settled. Barnes v. Beighly,
 9 Colo. 475, 12 P. 906; Newman v. Willetts, 52 Ill. 98;
 Miller v. Davidson, 3 Gilman 518; [1 Colo.App. 39] Cornell v.
 Radway, 22 Wis. 260; Bank v. Newton, 13 Colo. 245, 22 P. 444;
 Evans v. Hill, 18 Hun, 464. Under the statutes [1] existing in
 this state at the time Coffey recovered his judgment in 1888
 the judgment creditor could only obtain a lien on realty by
 filing a transcript of the docket with the recorder of the
 county. While equitable interests may undoubtedly be
 subjected to execution, and the title which the purchaser
 obtains may be made the subject of a bill to remove a cloud
 upon his title, or to obtain a decree which shall establish
 his right to the property, these proceedings seem to be
 wholly unnecessary, provided the creditor makes his judgment
 a lien according to the form and course of the statute.
 McFarran v. Knox, 5 Colo. 217; 13 Colo. and 22 Pac.Rep.,
 supra; Bobb v. Woodward, 50 Mo. 95. Since the creditor
 pursued neither of these courses, and neither had the
 execution levied upon the interest, and the interest sold and
 the title transferred to him, nor took the necessary steps to
 make the judgment a lien, he was wholly without right to the
 relief which he sought.
 
 
 All
 bills filed for relief on the ground of fraud must, in this
 state, be filed within three years of the date at which the
 fraud was discovered. [2] When the time is limited by statute,
 all the authorities concur in holding that the complaint must
 state when the fraud was discovered, and that this averment
 must be supported by sufficient proof. Pike v. Smith, 5 Colo.
 146; Carr v. Hilton, 1 Curt. 390; Sublette v. Tinney, 9 Cal.
 424. The averments must be distinct, full, and specific, not
 only as to the time when the fraud was discovered, but also
 as to the nature and character of the discovery, and the
 facts which were ascertained. These allegations, and
 competent proof upon the subject, are alike requisite to the
 maintenance of the action. De Mares v. Gilpin, 15 Colo. 77,
 24 P. 568; Wood v. Carpenter, 101 U.S. 135; Manning v Tin
 Co., 7 Sawy. 418, 9 F. 726. Tested by these rules, the
 plaintiff is absolutely without right of recovery. He filed
 his bill to set aside the various [1 Colo.App. 40] transfers
 made by Arnett on the ground of fraud, and, in order to
 maintain his action at the time he brought it, alleged that
 he discovered the fraud within three months of the
 commencement of his case. Issue was taken upon this
 allegation. The plaintiff produced no evidence in support of
 it. The record is absolutely silent upon this proposition;
 and since, under the law established by the foregoing
 authorities, both the averment and the proof are
 indispensable, it follows that the plaintiff is without right
 of recovery upon the case which he made. The judgment must be
 reversed.
 
 
 ---------
 
 
 Notes:
 
 
 [1] Code Civil Proc.Colo. Â§ 207:
 "Immediately after entering the judgment the clerk shall
 make the proper entries of the judgment under appropriate
 heads in the docket kept by him. From the time the judgment
 is docketed, and a transcript of the docket filed with the
 recorder of the county, it shall become a lien upon the real
 property of the judgment debtor not exempt from execution in
 the county, owned by him at the time, or which he may
 afterwards acquire, until said lien expires."
 
 
 [2] Gen.St.Colo1883, Â§ 2174: "Bills for
 relief on the ground of fraud shall be filed within three
 years after the discovery by the aggrieved party of the facts
 constituting such fraud, and not afterwards."
 
 
 ---------