## In re BORDELON.

(District Court, W. D. Louisiana. March 12, 1925.)

No. 2379.

**Bankruptcy ☞400(1)—Bankruptcy court has jurisdiction to determine bankrupt's right to homestead exemption.**

Bankruptcy court has jurisdiction to determine bankrupt's right to homestead exemption, and is only court which has such jurisdiction, and it must determine this issue before homestead becomes subject to jurisdiction of state court.

On rehearing. Former opinion adhered to.

For former opinion, see 2 F.(2d) 164.

Samuel Moreau, of Marksville, La., for bankrupt.

Couvillon & Bordelon, of Marksville, La., for opponents.

DAWKINS, District Judge. A rehearing was granted in this matter in order to afford counsel for the Avoyelles Bank & Trust Company an opportunity to be heard orally upon the opposition to allowance of the homestead exemption of the bankrupt.

The only new matter which is presented that was not considered by the court in passing upon the case in the first instance is the one of alleged want of jurisdiction in this court to determine the right to the homestead exemption. Counsel has cited a number of cases in support of that contention, among them Schexnailder v. Fontenot, 147 La. 473, 85 So. 209, in which it was said:

" * * * Schexnailder claimed his homestead and had the same set apart, it was ex-cluded from the bankruptcy proceedings and the jurisdiction of that court as completely as if it had never been placed upon his schedules [citing authorities]. * * * "

However, the court in that case was not dealing with the question presented here, but with the effect of the discharge in bankruptcy upon a lien arising from a judicial mortgage more than four months old at the time of the filing of the petition for adjudication. It also is consistent with the idea that the homestead must first be recognized and set apart by the bankruptcy court before it becomes subject to the jurisdiction of the state court, and in order to do this the bankruptcy court must first consider and determine the issue of the homestead itself. In fact, it is the only court vested with the jurisdiction to determine that question. 1 C. J. vol. 7, p. 358 et seq., Verbo, Bankruptcy; also McGahan v. Anderson (C. C. A.) 113 F. 115, 51 C. C. A. 92; Remington on Bankruptcy, vol. 1, p. 577, § 1026. See, also, section 2, subsection 11, Bankruptcy Act of 1898 (Comp. St. § 9586).

I do not find it necessary to again review the question of the sufficiency of the showing made by the bankrupt to entitle him to a homestead exemption, as that question has heretofore had full consideration and been disposed of in accordance with my views.

For the reasons assigned, the judgment and decree heretofore rendered is reinstated and made the final judgment of the court.