11 So.2d 854

**FLETCHER v. FIRST NAT. BANK OF OPELIKA et al.**

**5 Div. 367.**

Supreme Court of Alabama.

Jan. 21, 1943.

Rehearing Denied Feb. 25, 1943.

O. S. Lewis and Lewis & Lewis, all of Dothan, for appellant.

Duke & Duke and Denson & Denson, all of Opelika, for appellees.

LIVINGSTON, Justice.

The appellant, John Milford Fletcher, filed his bill of complaint, being in the nature of a bill of review, in the Circuit Court of Chambers County, in Equity, seeking to set aside a decree of that court rendered on June 21, 1924, in the suit of George Clower, as trustee in bankruptcy of the estate of W. Z. Fletcher, a bankrupt, against John Milford Fletcher, the appellant, or, in the alternative, have the court make and enter a decree declaring the First National Bank of Opelika trustee ex male-ficio of the property described in the bill, and which was purchased by said bank at the trustee sale had after the recovery of said property by virtue of the decree rendered in the creditors' suit. George Clower, individually and as trustee in bankruptcy of the estate of W. Z. Fletcher, a bankrupt, and the First National Bank of Opelika, a corporation, were made parties respondent.

Demurrers of the First National Bank of Opelika were sustained, hence this appeal.

The entire record in the case of George Clower, as trustee, versus John Milford Fletcher is attached to and made a part of the bill of complaint in this cause.

The bill in the Clower, trustee, suit, hereinafter called the creditors' suit, alleges in substance that prior to and during the year 1915, W. Z. Fletcher and John M. Fletcher (father and uncle of appellant) each owned and had title to an undivided one-half interest in and to nine hundred and fifty-five acres of farm lands in Chambers County (the lands here involved); that John M. Fletcher died during the year 1915, leaving surviving his widow, Mary Claud Fletcher, and five children, Zebud Fletcher, Walter J. Fletcher, Thomas Lee Fletcher, Catherine Fletcher and Mary Claud Fletcher; that Zebud Fletcher died prior to the first day of January, 1918, leaving no lineal descendants, and at the time of his death he was unmarried. That on January 17, 1918, W. Z. Fletcher purchased from Catherine Fletcher her interest in the lands here involved, but that said interest was conveyed to Clara T. Fletcher, wife of W. Z. Fletcher, although W. Z. Fletcher paid the purchase price therefor; that on March 13, 1918, W. Z. Fletcher purchased from Mary Claud Fletcher, the widow of John M. Fletcher, her interest in the lands here involved, and from Mary Claud Fletcher, guardian of the estate of Walter J. Fletcher, Thomas Lee Fletcher and Mary Claud Fletcher, minors, the interest of said minors in the lands here involved, but that all of said interests were conveyed to Clara T. Fletcher, wife of W. Z. Fletcher, although W. Z. Fletcher paid the purchase price therefor.

The bill further alleges that Clara T. Fletcher died during the month of June, 1918, leaving surviving W. Z. Fletcher, her husband, and one minor child, John Milford Fletcher (complainant in the court below and appellant here); that the deeds from Mary Claud Fletcher and Mary Claud

Fletcher, guardian of the estate of her three minor children, to Clara T. Fletcher, were filed for record in the office of the judge of probate of Chambers County, Alabama, by W. Z. Fletcher on March 6, 1922; that on March 6, 1922, W. Z. Fletcher filed for record in the office of the judge of probate of Chambers County, Alabama, a deed bearing date of March 13, 1918, purporting to convey to Clara T. Fletcher, his wife, the undivided one-half interest of W. Z. Fletcher in and to the lands involved for a recited consideration of $1,000, but the bill further alleges that the conveyance was entirely voluntary and without consideration; that on March 6, 1922, W. Z. Fletcher delivered to the judge of probate of Chambers County for record a deed bearing date of January 26, 1922, purporting to convey the life estate of W. Z. Fletcher in and to the lands involved to John Milford Fletcher, his minor son, for a recited consideration of $10.00 and love and affection, but the bill alleges that said conveyance was voluntary and without consideration, and was fraudulent and void as to creditors. That on March 6, 1922, W. Z. Fletcher delivered to the judge of probate of Chambers County for record a deed bearing date of February 4, 1922, purporting to convey all of the right, title and interest of W. Z. Fletcher in and to the lands involved to John Milford Fletcher, his minor son, for a recited consideration of $5, but it is alleged that said conveyance was voluntary and without consideration, and fraudulent and void as to creditors.

The bill further alleges that during the year 1918, W. Z. Fletcher was in possession of the lands here involved, and was extensively farming the same, claiming to own the same, and that said possession under claim of ownership continued until and subsequent to the time said deeds were recorded; that between the date of the purported conveyance of title to Clara T. Fletcher and the date of filing the deeds for record, W. Z. Fletcher obtained credit of more than $20,000 on the strength of his possession and asserted ownership of said lands. The bill further avers that W. Z. Fletcher was, on his voluntary petition, adjudged a bankrupt on November 13, 1923.

The creditors' bill prayed that the conveyances to Clara T. Fletcher and to John Milford Fletcher be declared fraudulent and void as to the creditors of W. Z. Fletcher, and that the lands be subjected to the payment of W. Z. Fletcher's debts.

The relief prayed for was granted by decree of the Circuit Court of Chambers County dated June 21, 1924. This decree appellant in this suit seeks to set aside, or, in the alternative, have the court declare the First National Bank of Opelika, who purchased the lands involved at the trustee sale, trustee ex maleficio for appellant.

The relief sought in the present suit is rested upon the theory of fraud in the procurement or concoction of the decree of June 21, 1924.

In substance, the bill now under consideration alleges that at the time the creditors' bill was filed against appellant, he was a minor eleven years of age; that summons was issued on said creditors' bill and served on W. Z. Fletcher, father and guardian of appellant; that no guardian ad litem was appointed to defend for appellant; that the said W. Z. Fletcher, as appellant's general guardian, answered said creditors' bill. The bill further alleges that the First National Bank of Opelika entered into an agreement with W. Z. Fletcher, the father and guardian of appellant, to permit and allow the setting aside of the several deeds, copies of which were attached to and made a part of the creditors' bill, and hereinabove referred to, by not representing appellant's interest in said suit; and that as a part of said agreement, the bank agreed to buy the property described in said bill in the event said deeds were set aside and said property sold, and would reconvey the same to the said W. Z. Fletcher upon his securing his indebtedness to the said bank, agreeing to allow him credit on said indebtedness of all dividends declared by the bankrupt court on the claims filed therein against the estate of W. Z. Fletcher by said bank and the three other creditors named in the creditors' bill, and the further credit of any amount over $1,250 allowed as attorneys' fee for representing the trustee; that the bank in said agreement promised to and did advance W. Z. Fletcher money and other things of value to enable said W. Z. Fletcher to enjoy the use and benefit of said lands for the year 1924, without accounting for rents and profits therefor. The bill further alleges that in pursuance of said agreement, W. Z. Fletcher, appellant's father and guardian, filed an answer to the creditors' bill, which, while purporting to answer said bill for appellant, was in truth and in fact the answer of the said W. Z. Fletcher, and in no wise represented appellant's interest in said suit: All of which matters are alleged to

have constituted a fraud on the court and appellant in the procurement of the decree of the court sought to be set aside. The bill further alleges that appellant had a good defense to said creditors' suit, in that, a portion of said lands was the homestead of the said W. Z. Fletcher, not greater in area than one hundred and sixty acres, and less in value than $2,000, over and above liens thereon, at the time of the conveyances to Clara T. Fletcher, wife of W. Z. Fletcher and mother of appellant, and which was not subject to the debts of W. Z. Fletcher; and further that said creditors' bill and the evidence introduced in support thereof wholly failed to allege or show any fraud on the part of Clara T. Fletcher. That at the time credit was extended to W. Z. Fletcher, title to an undivided one-half interest in the lands involved was shown by the records of the office of the judge of probate of Chambers County to be in John Milford Fletcher.

The bill further alleges that, in furtherance of said fraudulent scheme, W. Z. Fletcher interceded with and prevented prospective purchasers from becoming bidders for said property at the trustee's sale, and that said bank became the purchaser thereof at and for the sum of $12,000, and thereafter deeded same to W. Z. Fletcher, who, in turn, executed and delivered to said bank a mortgage on said lands to secure the sum of $22,589.57; that all of said matters and things were kept from him by his father and guardian; that he had no knowledge of being respondent in the creditors' suit until the month of October 1940, and that being wholly without knowledge of the matters and things herein complained of, appellant had no occasion to make inquiry until May 6, 1940, at which time, after the death of appellant's father, he discovered some private papers of his father, which put him on inquiry and which caused him to have attorneys make investigation resulting in knowledge of said suit and the matters and things complained of. The bill of complaint now under consideration was filed February 22, 1941.

Demurrers of the bank take the point, among others, that the bill of complaint shows on its face that the cause of action is barred by the statute of limitations and laches.

It is insisted that the service of notice of the pendency of the creditors' suit was ineffectual because it was served on the father and guardian of the minor, and his interest was in direct conflict with that of the minor, and that the service thereof did not conform to rule 20, Chancery Practice, of force at that time, and as a consequence the court did not acquire jurisdiction of the minor, and the decree rendered on such attempted service is null and void.

The court of chancery is the guardian of all infants within its jurisdiction, or who are parties to judicial proceedings conducted before it. Rivers v. Durr, 46 Ala. 418; Waring v. Lewis, 53 Ala. 615; Casey v. Sacks, 223 Ala. 147, 134 So. 851. And a judgment or decree rendered against an infant represented by a guardian is binding, and can be impeached only upon grounds which would be voidable if he were an adult. Preston v. Dunn, 25 Ala. 507; Waring v. Lewis, supra; Levystein v. O'Brien et al., 106 Ala. 352, 17 So. 550, 30 L.R.A. 707, 54 Am.St.Rep. 56; Jones v. Henderson et al., 228 Ala. 273, 153 So. 214; see, also, Snyder v. Woolf, 232 Ala. 87, 166 So. 803.

The creditors' bill against appellant alleged "that John Milford Fletcher is a minor under fourteen years of age, that he is the only heir of Clara T. Fletcher, and that he resides with and is in the custody of his father, the said W. Z. Fletcher, in Chambers County, Alabama, and that the said W. Z. Fletcher is his duly and regularly appointed and qualified guardian."

For aught that appears from the creditors' bill itself, the interest of the guardian and father was not adverse to that of the minor.

Service upon the father and guardian was efficacious to give the court jurisdiction of the minor, and the decree rendered was not null and void for the lack of jurisdiction.

Moreover, this Court in the case of Hatton v. Moseley, 229 Ala. 240, 156 So. 546, 547, in considering a bill to cancel and vacate a judgment at law on the ground of total lack of service, said:

"By an equally long and clear line of decisions, bills challenging the jurisdiction of the law court for want of service, involving an attack on the verity of judicial records, are of the same class as those which charge fraud in the procurement of the judgment.

"The same averments of a good defense to the cause of action must appear; and the same diligence in seeking redress in the original cause.

"Thus, if knowledge of such judgment comes to the defendant therein during the thirty-day period while the judgment is under the control of the court, and in time to bring such lack of service to the attention of the court, and he fails so to do, he is forever barred in equity. Blood v. Beadle, 65 Ala. 103; Ex parte Walker, 54 Ala. 577; Hendley v. Chabert, supra [189 Ala. 258, 65 So. 993]; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Garvey v. Inglenook Const. Co., 213 Ala. 267, 104 So. 639; Kelley v. Chavis, 225 Ala. 218, 142 So. 423; Craft v. Hirsh, 227 Ala. 257, 149 So. 683.

"We can see no good reason for a different rule of limitation in this case from those proceeding on the ground of fraud."

█ It may be noted that "the statute of limitations may be set up in equity by demurrer where the bill shows that the cause of action stated in the bill is prima facie within the bar of limitations or offensive to the rules which courts of equity adopt for the discouragement of stale demands." Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606, 612, and cases there cited.

The present action was commenced more than ten years after the rendition of the decree in the creditors' suit, and more than seven years after appellant reached his majority.

The statute of limitations as provided in section 6608, Code of 1923, Equity Rule 66, Code 1940, Tit. 7 Appendix, as limited by the one year statute, section 8966, Code of 1923, Code 1940, Tit. 7, § 42, has been applied by analogy to bills in the nature of bills of review to impeach a decree for fraud. Gordon's Adm'r v. Ross, 63 Ala. 363; Nichols v. Dill, 222 Ala. 455, 132 So. 900; Manegold v. Beavan, 189 Ala. 241, 66 So. 448; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820. And whether we regard section 6608, or section 8943, Code 1940, Tit. 7, § 20, as limited by section 8960, Code 1940, Tit. 7, § 36, as here applicable, the result is the same, and the cause of action is barred unless brought within the influence of section 8966, supra.

Section 8966, Code of 1923, § 42, Title 7, Code of 1940, is as follows: "In actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit."

It should be borne in mind that the foregoing statute is but the application to courts of law of the rule previously existing in courts of equity. This fact is repeatedly referred to in the decisions as a guide to the construction of the statute. In Porter v. Smith, 65 Ala. 169, it was said:

"The state of the law before the enactment of this statute, and touching this particular subject-matter, will throw some light upon the legislative intention. It is known to have been the long-settled doctrine of courts of equity, that if fraud has been concealed by a party, against whom there is a cause of action, the statute of limitations does not commence to run, until the fraud has been discovered, or until the party aggrieved shall have had reasonable opportunity afforded him for discovering it. * * * The first authoritative application of this principle to courts of law found encouragement, if not origin, in the apparent dictum of Lord Mansfield, uttered in Bree v. Holbreck, Doug. 654, that 'there may be cases which fraud will take out of the statute of limitations.' * * *

"In courts of equity, the rule prevailed, that suit must be prosecuted, in all such cases, within a reasonable time after the discovery of the alleged fraud. * * * The legislature meant to designate 'one year,' as a reasonable time, within which the party aggrieved should prosecute his suit, in all cases where he sought relief from the operation of a bar created by the statute of limitations, where that relief was based upon the fraud, or fraudulent concealment of the defendant."

And in the case of Gordon's Adm'r v. Ross, 63 Ala. 363, the Court, speaking through Mr. Chief Justice Brickell, said: "There was, at one time, much conflict of decision, in courts of law and of equity, as to the operation of statutes of limitations in cases of fraud. The statute now removes all room for doubt, by declaring that, 'in actions seeking relief on the ground of fraud, when the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the facts constituting the fraud; after which, he must have one year within which to prosecute his suit.' Code of 1876, § 3202. A party, availing himself of this statute, would be required to aver with precision, the facts and circum-

stances constituting the fraud—how and when those facts were discovered; what prevented a discovery before the bar of the statute was complete, and to acquit himself of all knowledge of facts which ought to have put him on inquiry. James v. James, 55 Ala. 525; Martin v. Branch Bank at Decatur, 31 Ala. 115; Stearns v. Page, 7 How. 819 (12 L.Ed. 928): Badger v. Badger, 2 Wall. 87 (17 L.Ed. 836); Fisher v. Boody (Fed.Cas.No.4,814) 1 Curt. 206; Carr v. Hilton (Fed.Cas.No.2,437) 1 Curt. 390." See, also, Van Ingin v. Duffin, 158 Ala. 318, 48 So. 507, 132 Am.St.Rep. 29.

The following quotation from Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 329, 330, 94 So. 606, 611, is also pertinent:

"The statute referred to does not require actual notice, since a fraud is discovered within the contemplation of the law when it is readily discoverable or when a party is put upon notice thereof. Ivy v. Hood, 202 Ala. 121, 79 So. 587; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; authorities collected in Gill v. More, 200 Ala. 511, 520, 76 So. 453; Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 So. 190; Wood v. Carpenter, 101 U.S. 135, 25 L.Ed. 807. And it is established that a deed or other conveyance of land in this state becomes effective as constructive notice from the moment of recordation. Chapman [& Co.] v. Johnson, 142 Ala. 633, 38 So. 797, 4 Ann.Cas. 559.

"The provisions of Code, § 4852, are construed to mean that mere ignorance on the part of the alleged defrauded party is not sufficient to prevent the running of the statute, but to mean ignorance that is superinduced by the fraud of the respondent in the form of active concealment, conduct calculated to mislead, or to prevent inquiry and lull into repose. Ivy v. Hood, supra; Van Ingin v. Duffin, 158 Ala. 318, 48 So. 507, 132 Am.St.Rep. 29. * * *

"When a party relies on his ignorance of facts material to his right as an excuse for his laches and delay in asserting them, he must show by distinct averments why he was so long ignorant, and acquit himself of all knowledge of facts which would put him on inquiry, and must show how and when he first acquired a knowledge of the facts. James v. James, 55 Ala. 525. This principle was announced in Scruggs v. Decatur Mineral & Land Co., 86 Ala. 173, 5 So. 440, thus:

" 'Laches will not be imputed, until after discovery of their rights. But mere ignorance of right, without excusing or explaining its reasonable continuance, is insufficient. "Ignorance of right in the party complaining, there being no more than passiveness, mere silence on the part of his adversary, cannot be ingrafted as an exception on the statute of limitations, without a destruction of its wise policy, and without an encouragement of a mere negligence." Underhill v. Mobile Fire Dept. [Ins. Co.], 67 Ala. 45; James v. James, supra. When the case stated is prima facie within the bar of the statute, or offensive to the rule against the enforcement of stale demands, the complainant must positively and distinctly aver the facts and circumstances which constitute an exception to the statute, or which excuse or explain the long acquiescence and delay. Philippi v. Philippi, 61 Ala. 41.' "

To meet the burden thus cast, the present bill alleges:

"Plaintiff avers that all of the said matters and things herein alleged were kept from him by his father and guardian, that he had no knowledge thereof, and that it was not until, to-wit, the month of October 1940, after his attorneys had examined the records of the Chancery Court of Chambers County, Alabama, where the said proceedings of the said trustee were had, that he became aware of being a defendant in said suit or of his interest therein, and that his said interest was not only not protected in said proceeding, but, by the connivance of said bank, he was deprived of his day in court; and that fraud was not only practiced upon plaintiff but upon the court as well, resulting in the procurement of said decree in said cause and the loss to plaintiff of his said property.

"Plaintiff further avers that from 1924 to 1928 he attended highschool at Opelika, Alabama, commuting each day from Opelika to the old home place; that from 1928 to 1932 he attended Alabama Polytechnic Institute and was away from home most of the time; that he left college in the spring of 1932 and, except for occasional visits, has been away from home from then on; that his father never talked to him about the said suit of said George Clower, as trustee, or anything pertaining thereto and, in fact, plaintiff never knew that his father was plaintiff's guardian until after his attorneys examined the records in the Probate Office

of Chambers County, Alabama, and advised him to this effect; and, being wholly without any knowledge of the matters and things herein complained of, plaintiff had no occasion to make inquiry until, to-wit, the 6th day of May, 1940, at which time, after the death of plaintiff's father, he discovered some private papers of his father which put him upon inquiry and which caused him to have attorneys to make an investigation which resulted in knowledge of the said suit and the matters and things complained of herein."

Appellant claims the lands involved by inheritance from his mother, Clara T. Fletcher, who died in 1918, and by deeds from his father, W. Z. Fletcher, dated January 26, 1922, and February 4, 1922, and both of which were filed for record on March 6, 1922. The deeds from W. Z. Fletcher to Clara T. Fletcher, and from Mary Claud Fletcher and Mary Claud Fletcher, as guardian of the minor children of herself and John Milford Fletcher, deceased, to Clara T. Fletcher, were dated March 13, 1918, but filed for record March 6, 1922, after the death of Clara T. Fletcher —a significant fact.

The bill further alleges that the First National Bank of Opelika purchased the lands involved at the trustee's sale, and later deeded the same to W. Z. Fletcher, who, in turn, gave the bank a mortgage covering the lands. The bill is silent as to the dates of these transactions, and as to whether or not the deeds and mortgages were recorded.

If the appellant would avoid the bar of the statute of limitations and laches, he must acquit himself of all knowledge of facts which would put him on inquiry and must show how and when he first acquired knowledge of the facts. The bill falls far short of the requirement.

But appellant insists that the fiduciary relations which existed between him and his father and guardian relieved him from the duty to allege some act or conduct on the part of the bank calculated to mislead or deceive or to lull inquiry; that the averment of the existence of the relationship existing between appellant and his father and guardian and the lack of knowledge is sufficient. As was said in Tillison v. Ewing, 91 Ala. 467, 8 So. 404: "The ignorance must be superinduced by the fraud of defendant. In the absence of a fiduciary relation between the parties, imposing the moral and legal duty to disclose, there must be some act or conduct calculated to mislead or deceive, or to lull inquiry. Porter v. Smith, 65 Ala. 169; Holt v. Wilson, 75 Ala. 58."

Under the allegations of the bill the only relationship existing between appellant and the bank is one by operation of law, a constructive trustee, whose trust may be barred by limitations or defeated by the rule of repose. Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124.

In order to bring the case against the bank within the saving provisions of section 8966, supra, the bill must allege that complainant's ignorance was superinduced by the fraud of the bank, and must show by distinct averments why he was so long ignorant, and acquit himself of all knowledge of facts which would put him on inquiry, and must show how and when he first acquired knowledge of the facts. Peters Mineral Land Co. v. Hooper, supra, and cases there cited.

The present bill does not meet the requirement, and the demurrers were properly sustained.

The authorities are uniformly to the effect that a person seeking to set aside a judgment or decree in equity must allege by specific averment that he has a meritorious defense and in what the same consists. Barrow v. Lindsey, 230 Ala. 45, 49, 159 So. 232; Union Indemnity Co. v. Goodman, 225 Ala. 499, 144 So. 108; Hanover Fire Ins. Co. v. Street, 234 Ala. 537, 176 So. 350; Leath v. Lister, 233 Ala. 595, 173 So. 59; McWilliams v. Martin, 237 Ala. 624, 188 So. 677; Ikard v. Walker, 213 Ala. 13, 104 So. 129; National Fertilizer Co. v. Hinson, 103 Ala. 532, 15 So. 844; Hatton v. Moseley, 229 Ala. 240, 156 So. 546; Oden v. King, 216 Ala. 597, 114 So. 1; Collier v. Parish, 147 Ala. 526, 527, 41 So. 772; Secor v. Woodward, 8 Ala. 500; 13 Ala. Dig., Judgment ☞379(1), 405, 447(1), 460(1)(6).

The only defense which plaintiff claims in this suit to have had in the Clower suit is: "That a portion of said land was the homestead of the said W. Z. Fletcher, not greater in area than 160 acres and less in value than $2000.00 over and above liens thereon, at the time of the conveyances to the mother of this plaintiff, sought to be set aside by the bill of the said trustee, and

that no fraud could be predicated by a creditor or the trustee in bankruptcy of the said W. Z. Fletcher on any conveyance thereof, as the said homestead was not subject to the payment of the debts of the said W. Z. Fletcher, and was not part of the estate of the said trustee in bankruptcy, as well as to all of the other creditors mentioned and set forth in the bill of the said trustee; further, that the bill of the said George Clower, as trustee in bankruptcy, wholly failed to allege or show that Clara T. Fletcher, the wife of the said W. Z. Fletcher and the mother of this plaintiff, from whom plaintiff inherited said land, in anywise aided, assisted or connived in withholding from record the deeds to her, set forth and described in said bill of the said George Clower, or in the said W. Z. Fletcher holding himself out as the owner of said property in order to obtain credit, as set forth in said bill; and plaintiff avers that the said Clara T. Fletcher in nowise aided, assisted or connived in the action of the said W. Z. Fletcher in the alleged withholding of the said deeds from record or in holding himself out as the owner of said property in order to obtain credit, and that no such evidence thereof was introduced in the case of said George Clower versus the plaintiff, herein referred to, as is shown by exhibit 'D' to the amended bill of complaint, the same being all of the testimony introduced in said cause and on which the same was submitted for final decree."

The present bill contains no specific allegations as to what portion of the nine hundred and fifty-five acres of land was the homestead of W. Z. Fletcher. There is no denial that the considerations stated in the several deeds were simulated or that such deeds were voluntary and without valuable consideration. Nor is it denied that W. Z. Fletcher paid for the half interest of his brother. The lands were not sold under the decree of the State court, but the effect of the decree was to set aside and vacate the conveyances, and vest the title in the trustee in bankruptcy for administration in the bankruptcy court.

For aught that appears from the present bill, the question of the homestead exemptions of W. Z. Fletcher or money in lieu thereof was properly adjudicated in the bankruptcy court.

It is of no consequence that Clara T. Fletcher did not aid, assist or connive in the fraud charged against W. Z. Fletcher.

█ In the case of Booth v. Bates et al., 215 Ala. 632, 112 So. 209, 210, this Court said:

"As to that portion of the tract of lands listed and claimed as exempt in the bankruptcy petition, the lien was also vacated by the bankruptcy proceedings. While the trustee does not take title to exempt property, it comes under the jurisdiction of the bankruptcy court, the trustee being charged with active duties in the appraisement, segregation and causing it to be set apart as exempt. Chicago, Burlington & Quincy R. Co. v. Hall, 229 U.S. 511, 33 S.Ct. 885, 57 L.Ed. 1306; Hull v. Dicks, 235 U.S. 584, 35 S.Ct. 152, 59 L.Ed. 372; Schrepel v. Davis, [8 Cir.], 283 F. 29; In re Forbes [9 Cir.], 186 F. 79; In re Tune, D.C., 115 F. [906], 910.

"When bankruptcy intervenes, the exemptions, while determinable under state law, are ascertained and set apart by the bankruptcy court; it has sole jurisdiction to that end."

And in the case of Davis v. Harris et al., 211 Ala. 679, 683, 101 So. 458, 462: "The case is unlike Kennedy v. First National Bank, 107 Ala. 170, 18 So. 396, 36 L.R.A. 308, wherein the homestead was an unselected portion of a larger tract. In such case the property is condemned as a whole, and the homestead right allowed in money from the proceeds. Here the law selects the homestead to which the debtor was entitled, and withdraws it from the claims of creditors. There is no fraud in the conveyance of such homestead, because there is no injury to creditors." See, also, In re Bordelon, D.C., 4 F.2d 285; 8 Corpus Juris Secundum, Bankruptcy, § 502; 7 Corpus Juris p. 358, note 77; Kennedy v. First National Bank, 107 Ala. 170, 18 So. 396, 36 L.R.A. 308.

The foregoing authorities are conclusive to the effect that appellant alleges no meritorious defense to the trustee's suit, whatever may have been the rights of the parties after the several conveyances were set aside as a fraud on the creditors of W. Z. Fletcher, and the demurrers taking the point were properly sustained.

Affirmed.

All the Justices concur.