**Vincent J. SCHILLECI et al.,**
**Plaintiffs,**

**v.**

**GUARANTY SAVINGS LIFE INSUR-**
**ANCE COMPANY, Defendant.**

**Vincent J. SCHILLECI et al., Plaintiffs,**

**v.**

**GENERAL UNITED LIFE INSUR-**
**ANCE COMPANY, Defendant.**

**Civ. A. No. 69–404, 69–500.**

United States District Court,
N. D. Alabama, S. D.

July 2, 1973.

J. Vernon Patrick, Jr. and Howard P. Walthall of Berkowitz, Lefkovits & Patrick, Birmingham, Ala., for plaintiffs.

Champ Lyons, Jr. and L. Lister Hill of Capell, Howard, Knabe & Cobbs, Montgomery, Ala., Robert R. Reid, Jr., of Bradley, Arant, Rose & White, Birmingham, Ala., for defendants.

## ORDER

LYNNE, Senior District Judge.

These actions have come on for decision on the motions of the defendants to dismiss those aspects of the complaints alleging violations of Rule 10b–5 under

the Securities Exchange Act of 1934, as amended, which motions, under Rule 12(b), Fed.R.Civ.P., are being treated as motions for summary judgment. The specific ground of those motions now before the Court is that the actions are barred by the statute of limitations. Since more than one year had elapsed between purchase of the life insurance policies forming the basis of these actions and the filing of the complaints, the plaintiffs must rely on the federal tolling rule that the statute (Title 7, Section 26 of the Code of Alabama of 1940) does not begin to run until the plaintiff discovers or, in the exercise of due diligence should have discovered, facts putting him on notice of the alleged fraud he claims.

Motions to dismiss those aspects of the complaints under the Securities Act of 1933, as amended, were heretofore granted by orders of this Court of June 20, 1972; and pursuant to those orders, the parties have submitted the affidavits requested bearing on the following issue set forth in those orders:

> "Whether prior to June 25, 1968 (which date was one year prior to the filing of the complaint in the first of the above cases) (or July 30, 1968, in the case of the complaint in the second case), the plaintiff had notice of facts which in the exercise of due diligence should have led to actual knowledge of defendant's alleged violations of Rule 10b–5."

■ When attempting to take advantage of the federal rule tolling running of the statute of limitations, plaintiff has the burden of showing that he should not have discovered the alleged fraud or other violation of which he complains until within the applicable period of limitations. Moviecolor Ltd. v. Eastman Kodak Co., 288 F.2d 80, 88 (2d Cir. 1961), cert. den. 368 U.S. 821, 82 S. Ct. 39, 7 L.Ed.2d 26 (1961); Prager v. Robbins Music Corp., CCH Fed.Sec.L. Rep., para. 91,367 (S.D.N.Y.1964). Regardless of where the burden of proof lies, however, as will appear from the discussion below, there exists no genuine

issue of a material fact to be tried on this aspect of the cases.

In response to the Court's request, defendants have submitted an affidavit showing, on the basis of facts which have not been nor could be contradicted, that the plaintiffs had adequate access, long prior to one year preceding institution of these actions, to sufficient facts to put them on notice of the alleged violations of Rule 10b–5 that they claim. Plaintiffs submitted an affidavit of Dr. Schilleci that he held one of the life insurance policies in question and had paid premiums on it up until the time of filing suit as well as thereafter. The Court considers that such an affidavit in no way refutes the facts set forth in defendants' affidavit nor does it explain why the plaintiffs had not discovered, or in the exercise of due diligence should not have discovered, the alleged wrongs they claim prior to one year preceding the filing of the complaints in these actions. It, thus, appears that there is no genuine issue of fact to be litigated.

■■ The same is true as to the defense of laches also asserted by defendants in their motions to dismiss. The Court has noted that laches is a valid ground for dismissal of untimely claims under the securities laws even though the applicable statute of limitations has not run. See III Loss, Securities Regulation 1777; Tobacco & Allied Stocks v. Transamerica Corp., 143 F.Supp. 323, 327–328 (D.Del.1956), aff'd 244 F.2d 902 (3rd Cir. 1957), where the Circuit Court held, "To have such knowledge of fraud as will begin the operation of laches, however, a legal adjudication of the question of fraud is hardly necessary. It is sufficient if facts come to plaintiffs' attention that would warrant the inferences which reasonable men would draw, and that would put reasonable men on inquiry to protect their rights." 244 F.2d at 904. See also Royal Air Properties v. Smith, 312 F. 2d 210, 214 (9th Cir. 1962). Such considerations are also applicable to the cases at bar because of the opportunities for knowledge of pertinent facts

 

available to the plaintiffs and the extremely long time elapsing between the purchase of the insurance policies and the institution of these actions. Thus, it appears that, in addition to the statute of limitations, there are no genuine issues of fact involved as to applicability of the bar of laches.

As a consequence, it would be an undue expenditure of the time and efforts of the parties involved and the Court to prolong this litigation and, hence, the defendants' motions to dismiss, which as aforesaid are being treated as motions for summary judgment, should be granted. In so ruling, the Court is well cognizant of the rule that if there is a genuine issue of material facts, as was the case, for example, in Azalea Meats v. Muscat, 386 F.2d 5 (5th Cir. 1967), a motion to dismiss or for summary judgment should not be granted. However, the Court feels that that case is inapplicable to the present situation because there appear no genuine issues of fact involved. On the other hand, the Court is disposed to follow the recent decision of the Fifth Circuit in DeBardeleben v. Cummings, 453 F.2d 320 (5th Cir. 1972), to the effect that although there may be arguments between the parties, if there is no dispute over the facts involved, there is no impediment to entry of summary judgment, which in the interest of conservation of the time of the parties and the courts, should be granted.

As stated in Turner v. Lundquist, 377 F.2d 44, 48 (9th Cir. 1967) and authorities therein cited, "The plaintiff cannot save his evidence until trial but must sufficiently disclose what the evidence will be to show that there is a genuine issue of fact to be tried." To like effect in this circuit is Surkin v. Charteris, 197 F.2d 77 (5th Cir. 1952), holding that "the opposing party (plaintiffs in these actions) must sufficiently disclose what the evidence will be to show that there is a genuine issue of fact to be tried."

Under the posture of the facts in this case as alleged by the plaintiffs—and taking them most favorable to the plaintiffs—and under the sworn affidavits submitted by the parties, the Court is of the opinion that the plaintiffs have not shown that, within one year preceding the filing of these actions, they obtained information tending to show any fraud on the part of the defendants, which information was neither actually known nor readily ascertainable by them prior to June 25, 1968 (one year prior to filing of the first of the complaints in these cases). Accordingly, the defendants' motions to dismiss, which shall be treated as motions for summary judgment, are hereby granted. Motions to dismiss the other claims under federal law set forth in the complaints having already been granted pursuant to the orders of June 20, 1972, there remain no causes of action supporting federal jurisdiction in these actions and the state law claims would fall not only because also barred by the applicable statute of limitations, Fletcher v. First National Bank of Opelika, 244 Ala. 98, 11 So.2d 854 (1943), but also because of lack of pendent jurisdiction, see United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, these actions are hereby dismissed.